HIRAM BERKEY *vs.* MARY ANN M. JUDD and others, Executors.

March 31, 1881.

Death of Party after Verdict against him—Enforcement of Judgment.—Under Gen. St. 1878, *c.* 66, § 274, where, after verdict or decision upon an issue of fact, and before judgment, the unsuccessful party dies, and judgment on the verdict or decision is afterwards entered without substituting the executor, neither the judgment, verdict, or decision, nor the claim involved in the action, need be presented to the commissioners appointed to audit claims against the estate of the deceased party. Upon a certified copy of such judgment being filed in the probate court, it is entitled to be paid with the other debts allowed against the estate. An action cannot be maintained on the judgment against the executor.

Appeals by defendants from an order of the district court for Washington county, *Crosby*, J., presiding, on appeal from an order of the probate court of said county, and from an order of said district court overruling the demurrer of defendants to the complaint of plaintiff in an action therein pending.

The facts are stated in the opinion.

*McCluer & Marsh* and *Bigelow, Flandrau & Clark*, for appellants.

*H. J. Horn* and *L. R. Cornman*, for respondent.

GILFILLAN, C. J. In 1865, respondent Berkey commenced an action against George B. Judd and Orange Walker. The cause was referred to and tried by a referee, who, in April, 1871, filed his report directing judgment for the plaintiff and against the defendants for $10,032.10. The defendants made

a motion for a new trial, which was denied. From the order denying it an appeal was taken to this court, where the order was affirmed. The cause was remanded to the district court, and judgment there entered upon the report January 7, 1876. After the report, and before the appeal, Judd died, leaving the appellants executors of his will. Commissioners to audit claims against the estate were duly appointed, who duly considered and adjusted all claims presented to them, and filed their report February, 1873, which was accepted. The claim here involved was not presented to them. The executors were not substituted as parties defendant in place of Judd. In January, 1876, a certified transcript of the judgment was filed in the probate court. Walker paid one-half of the judgment, and it was released as to him. There was sufficient property of the estate, after all other claims against it were paid, to pay this claim. In July, 1876, the respondent filed his petition, setting forth the foregoing facts, in the probate court, and asking an order that the executors pay the amount of the judgment remaining after the release as to Walker. That court denied the application, and this respondent took an appeal to the district court, where the decision of the probate court was, in effect, reversed, and the executors ordered to pay the claim. The executors appeal to this court. This respondent also commenced an action against the executors in the district court, the complaint setting forth the facts. To the complaint a demurrer was interposed, and overruled by the court below. From the order overruling it an appeal is brought to this court.

The claim of the respondent was not, under the statute, the proper subject of an action against the executors. The demurrer to the complaint against them ought, therefore, to have been sustained. The question on the other appeal is, ought the claim to have been presented to, and passed on by, the commissioners? If it ought, it is barred because not so presented. The case is that of an action pending at the death of the defendant. We find in the statute two pro-

visions in respect to such actions, (Gen. St. 1878, *c.* 53, §
16:) "All actions which are pending against a deceased per-
son at the time of his death may, if the cause of action sur-
vives, be prosecuted to final judgment; and the executor or
administrator may be admitted to defend the same; and, if
judgment is rendered against the executor or administrator,
the court rendering it shall certify the same to the probate
court, and the amount thereof shall be paid in the same
manner as other claims duly allowed against the estate."
This applies to the action in whatever stage, whether before
or after trial, the defendant dies. It is evident that, so far
as controlled by this section, the executor or administrator
ought—except, perhaps, where nothing remains to be done
in the action but the merely clerical act of entering the de-
cision of the court already made—to be substituted in place
of the deceased. But, if not done, the subsequent proceed-
ings and judgment, although voidable, would not be void.
*Stocking* v. *Hanson,* 22 Minn. 542.

Gen. St. 1878, *c.* 66, § 274, reads: "If a party dies after
verdict or decision upon an issue of fact, and before judg-
ment, the court may nevertheless render judgment thereon.
Such judgment is not a lien on the real property of the de-
ceased party, but is payable in the course of administration
on his estate." This means that the judgment may be
entered in such case without making the executor or ad-
ministrator a party. When entered, it fixes the liability of
the estate to pay it "in the course of administration." To
make it "payable," no other court need pass upon it. The
whole jurisdiction to determine the liability is retained in the
court which has the action. It is necessarily so, unless the
death of the party is to operate to vacate the verdict or de-
cision upon the issue of fact, or to take away the unsuccess-
ful parties' right to complain of it. That verdict or decision
could not be presented to the commissioners as a claim
against the estate, for they could not determine whether it
was erroneous or not—whether it ought to be set aside or to

stand; they could not review the trial. Nor can it be intended that the judgment so entered, in order to be payable out of the estate, must be presented to and passed on by the commissioners, for it may not be entered till long after they are discharged. It is clear to us that, in a case within section 274, a claim of which, at the time of the decease, another court has jurisdiction, may be passed on by that court, and need not be presented to the commissioners. That the section does not, like section 16 of chapter 53, provide for certifying the judgment to the probate court, is of little importance. When a judgment in another court, conclusive against the estate, has been rendered, there can be no difficulty in bringing it to the knowledge of the probate court, so that it may order it paid. Without any statute on the subject, a certified or authenticated copy of the judgment filed in the probate court is sufficient.

The order or judgment of the district court, directing the executors to pay the judgment, is affirmed. The order overruling the demurrer is reversed.