HIRAM BERKEY *vs.* MARY ANN JUDD and others, Executors, and others.

December 5, 1883.

**Appeal from Probate Court—Effect of Judgment of District Court.—**
Upon appeal from the probate court under Gen. St. 1878, *c.* 49, § 13, the district court acquires full jurisdiction of the subject-matter to make such determination as the probate court ought to have made; and its judgment, accordingly, stands for the judgment of the probate court.

**Same—Judgment Directing Payment of Claim—Duty of Executor—Action on Bond.—**And where, upon such appeal, a claim is allowed and adjudged to be paid by such appellate court, and the executor has

sufficient assets, it becomes his duty to pay the same as if originally allowed by the probate court. And if such executor, after proper notice and demand, refuses to pay any claim so adjudged to be paid, an action may be brought upon his bond by the aggrieved party against him and his sureties.

This action was brought in the district court for Washington county upon the probate bond of the defendants Mary Ann Judd, executrix, and James R. M. Gaskill and Ariel Eldridge, executors, of the will of George B. Judd, who died in 1872.

The complaint sets forth a copy of the bond and of the order of the probate court of Washington county, granting leave to prosecute it, and, after averring the death of Judd, the probate of his will in the same court, and the appointment and qualification of the executors, alleges the following state of facts:

On December 15, 1865, plaintiff brought suit against Judd and one Walker for a partnership accounting, which suit, after various proceedings recited in the complaint, (including two appeals to this court—*Berkey* v. *Judd*, 14 Minn. 300, (394;) *S. C.* 22 Minn. 287,) resulted in a judgment for plaintiff, for $13,813.36, entered January 7, 1876, upon a referee's decision and report made and filed in Judd's lifetime. On the same day Walker paid one-half the judgment, and was released, and on January 13, 1876, the judgment was certified by the district court to the probate court, and a duly authenticated transcript filed in the latter court, and notice thereof given to the executors, and demand made on them, on January 14, 1876, for payment of the one-half still remaining unpaid, with which demand they have never complied. At the time of this demand all other debts of the estate had been paid in full, and the executors had in their hands cash and property readily convertible into cash sufficient to pay the claim.

Thereafter, and on July 29, 1876, the probate court, on plaintiff's petition, by order duly made and entered of record, directed the executors forthwith to pay, out of the funds of the estate in their hands, the amount remaining unpaid on the judgment, or show cause on August 16, 1876, why they had not done so. On that day the executors appeared, admitted assets sufficient to pay the claim, but in-

sisted that they ought not to do so, because it had never been presented to the commissioners, and was therefore barred. Thereupon the probate court discharged the order of July 29th. The plaintiff appealed to the district court, which decided on April 23, 1880, that plaintiff was entitled to a decree for payment, and entered judgment directing payment. On appeal to this court, this judgment was affirmed, *(Berkey* v. *Judd,* 27 Minn. 475,) and the cause remitted to the district court, and judgment was perfected in that court, on May 24, 1881, reversing the order of the probate court, of August 16, 1876, and directing the executors to make payment, and that the judgment be certified to the probate court. Thereupon, and on February 7, 1882, the judgment of the district court was certified to, and a duly authenticated transcript filed in, the probate court. In June, 1882, a duly certified copy of this judgment, as so certified and filed, was served on the executors, and payment again demanded and refused; whereupon the plaintiff obtained leave from the probate court to bring, and brought, this action on the bond.

To this complaint the defendants demurred, as not stating a cause of action, and they appeal from an order by *Crosby,* J., overruling their demurrer.

*Marsh & Searles, L. E. Thompson* and *G. F. Sabin,* for appellants.

*H. J. Horn,* for respondent.

VANDERBURGH, J. The duty of the executors who are named as defendants to pay the judgment in controversy was finally determined in the case of *Berkey* v. *Judd,* 27 Minn. 475. This action against them and their surety, Sabin, is brought by leave of the probate court upon their bond, because of their alleged neglect and refusal to pay such judgment, and this appeal is from an order overruling their demurrer to the complaint.

1. The principal contention of the defendants is that the complaint fails to show a breach of the condition of the bond, for the reason that the probate court has not formally ordered the payment of the judgment. Upon the facts admitted by the demurrer, it became the duty of the probate court, after the rendition of the original judgment, (22 Minn. 287,) the recovery of which had been resisted by the executors, and of which they were fully cognizant, to order the

amount thereof paid; and accordingly, upon the petition of the plaintiff, such court ordered the executors to show cause why they should not pay the same. Upon the hearing, they answered, admitting that no other claims remained unsettled, and that they had in their hands ample assets to pay the amount of the judgment, but insisting that the same was barred because it had not been duly presented to the commissioners appointed to audit claims against the estate; and thereupon, on their motion, the court denied the plaintiff's application, and, from the order refusing to direct such payment, the plaintiff appealed to the district court under Gen. St. 1878, c. 49, § 13, where the order of the probate court was reversed, and judgment ordered for the plaintiff, which was affirmed in the supreme court, (*Berkey* v. *Judd*, 27 Minn. 475.) Final judgment was duly entered in the district court, directing the defendants to pay such judgment, and thereafter a certified copy of the judgment was duly filed with the probate court, and also served upon each of the executors, and its payment duly demanded, which was refused by them.

Upon an appeal from the report of commissioners to the district court, under Gen. St. 1878, c. 53, § 28, the final decision of the district court is to be certified to the probate court for further proceedings; but in the case of an appeal under section 13, chapter 49, from a judgment or order of the probate court, no such provisions exist. In cases where further proceedings in the probate court are necessary, the parties will, by the proper record and proceedings, bring to its attention the decision of the appellate court; yet it is not called upon in this class of appeals to take formal action, and readjudicate the matter already specially determined by the appellate court.

By the appeal the district court acquired full jurisdiction of the subject-matter, to make such determination as the probate court ought to have made. Its judgment, therefore, stands for the judgment of the probate court, and must be obeyed as such. It settled the question as to the duty of the executors to pay the judgment, and, upon the facts of record in the case, apparently left them without excuse. It would gather no additional validity or force by an order of the probate court. Hence, no further proceedings appear to be required in that court; and, in the absence of any provision of the

statute directing a *remittitur*, we do not see that, in this case certainly, anything further was necessary to put the defendants in default. The appeal has disposed of the only matter remaining unsettled by the executors. The bond of the executors conforms to the requirements of Gen. St. 1878, *c.* 50, § 2, which must be construed in connection with the provisions of sections 3 and 5 of chapter 55. By section 3, an action may be brought on the bond by any creditor when the executor neglects to pay over to him the amount due him, as ascertained and ordered by the decree of distribution; and by section 5 such action may, by leave of the court, be in like manner brought when it appears that the executor or administrator "has failed to perform his duty in any other particular than those before specified." There was sufficient warrant, therefore, for this action; for if the language of section 3 were not applicable to the judgment of the appellate court in a matter of probate jurisdiction, we see no reason why, upon this record, this action should not be maintained under section 5.

2. In respect to the suggestion that changes may have occurred in the amount or condition of the assets in the hands of the executors, rendering further action necessary by the probate court, it is sufficient to say that this cannot be presumed in this case. And, in any event, the burden would rest upon them to show this, and to make such seasonable application for their own protection as the nature of the case might require.

Order affirmed.