WILLARD FOWLER and others *vs.* MATHIAS MICKLEY and another.

June 22, 1888.

**Estates of Decedents—Remedies of Judgment Creditor.**—A judgment debtor having died after the judgment had been docketed and become a lien upon real estate, the judgment creditor may enforce his judgment by a sale of such real estate on execution, after the lapse of the period fixed by statute, notwithstanding the fact that he had presented his judgment for payment in the course of the administration of the estate of the deceased in the probate court.

Appeal by plaintiffs from an order of the district court for Stearns county, *Collins*, J., presiding, sustaining a demurrer to the complaint.

*Taylor & Calhoun*, for appellants.

*D. W. Bruckart*, for respondents.

DICKINSON, J.[1] This is an action to restrain a sale of land upon execution in favor of the defendant Edelbrock. He had recovered a judgment in the district court against one H. J. Fowler, which, being docketed, constituted a lien upon the land in question, the property of the judgment debtor. Fowler died; and, in the course of administration upon his estate, the judgment creditor (defendant) presented his judgment to the probate court as a claim against the estate, and it was allowed as such. After this the administrator was licensed by the probate court to sell this land for the payment of debts, and thereupon the same was sold at private sale as authorized, for the sum of $60, the sale confirmed, and deed executed; through which sale the plaintiffs acquired title. Such being the case, the judgment creditor now proposes to have the same land sold under an execution issued upon his judgment. The plaintiffs claim that the presentation of the judgment in the probate court, and the allowance of it as a claim against the estate, operated as a merger or abandonment of the judgment, so that it can no longer be enforced by execution; and upon this ground only do the plaintiffs present their case upon this appeal.

---

[1] Collins, J., having made the order appealed from, did not take part in this decision.

Section 298, chapter 66, Gen. St. 1878, authorizes the issuing of an execution against the property of a deceased judgment debtor, but provides that it shall not be issued within one year after his death, and section 15, chapter 53, forbids the issuing of an attachment or execution against an estate until after the expiration of the time fixed for the payment of debts. These periods have passed, so that the restrictions embraced in these statutes do not now stand in the way of the defendants' proposed execution sale. These provisions of the statute, and others not necessary to be referred to, disclose a purpose and. policy, in respect to the administration of the estates of deceased persons, which is decisive of the question here presented. It is intended that the lien and preference acquired by judgment in such cases shall remain effectual, and that it may ultimately be enforced by execution, if the debt be not otherwise paid. But it is also intended that this remedy shall be suspended for a limited period, by the death of the judgment debtor, in order that the debt may be paid in the course of the administration of the estate. This will be done from the personal estate, if that shall be found to be sufficient; and, if not, opportunity is afforded to select such of the real property for sale to pay the debts as may be most for the interest of the estate. This being a purpose of the law, and the personal representatives being charged .with the duty of paying the debts of the deceased, the propriety of presenting debts in the probate court for payment is apparent, whether they be secured by specific lien upon property of the estate or not. It is equally obvious, and for like reasons, that the presentation of a judgment debt for payment, in the course of administration, should not be deemed to operate as a relinquishment, or as in any sense a merger, of the judgment or of the lien acquired thereby. It cannot affect the case that there was a formal allowance in the probate court of this judgment. *Berkey* v. *Judd,* 27 Minn. 475, (8 N. W. Rep. 383.) Our decision, thus expressed, covers the only point in the case, and the order sustaining the demurrer to the complaint is affirmed.