ALBERT PETERSON *et al. vs.* ALFRED E. BAILLIF.

Argued by appellants, submitted on brief by respondent, Dec. 21, 1892. Decided Jan. 28, 1893.

**Jurisdiction of Actions Brought by Minors.**
> The land of minors under guardianship having been sold and conveyed, an action to recover the purchase price is within the jurisdiction of the District Court, but not of the Probate Court.

**Guardian ad Litem for Infant Plaintiffs having a General Guardian.**
> The general guardian refusing to collect the purchase price, an action for its recovery may be prosecuted by the minors, through a guardian *ad litem.*

Appeal by plaintiffs, Albert Peterson *et al.*, from an order of the District Court of Hennepin County, *Canty*, J., made June 14, 1892, denying their motion for a new trial.

On January 25, 1890, each of the four plaintiffs was the owner of an undivided one-sixth of the southwest quarter of the northeast quarter of section thirty (30,) and of lot three (3) in that section, and of lot four (4) in section twenty-eight (28,) T. 27, R. 24, in Hennepin county. They were minors, and Emanuel S. St. Martin was general guardian of their persons and estate. On that day the plaintiffs, by proceedings in the Probate Court of said county, duly sold and conveyed all their interest in the land to ·the defendant Alfred E. Baillif, for $650. He afterwards refused to pay the purchase price, and the general guardian St. Martin refused to bring an action ·to recover it. See *Parker* v. *St. Martin,* 53 Minn. 1. Whereupon Frank Healy was appointed by the District Court guardian *ad litem,* ·and he brought this action in the name of the infants to recover the .purchase price of the land.

Defendant answered that he had paid the price· to St. Martin. ..This· was denied by the reply. The issues came to trial May 4, 1892, when the court, on motion of defendant, dismissed the action upon the ground that the District Court had no jurisdiction thereof. Plaintiffs excepted to the ruling, moved for a .new trial, and being denied, they appealed to this court.

*Hazen M. Parker*, for appellants.

Defendant is in no way under the jurisdiction of the Probate Court, and there is no way to get him within that jurisdiction. Even if jurisdiction over him could be acquired, there is no provision for settling issues for jury trial, or for entry or enforcement of judgment. In other words, that court could afford no relief whatever. It would seem absurd to say that a court must do what it cannot do, or that these appellants must seek justice in a forum utterly powerless to act or afford relief.

*James W. Lawrence*, for respondent.

Our State Constitution confers on Probate Courts jurisdiction over estates of persons under guardianship, which certainly is exclusive. Our Probate Code, Laws 1889, ch. 46, § 3, provides that when a guardian is appointed in any Probate Court, all further proceedings shall be continued in that court. The guardian is given sole care and management of the ward's estate, § 133. The guardian must demand, sue for and receive, all debts due the ward, and appear for and represent his ward in all legal proceedings (unless another person is appointed for that purpose.) This certainly cannot mean a guardian *ad litem*, but some other person appointed by the same Probate Court, § 148. These provisions show that the Probate Court retains jurisdiction of the ward's estate as long as the guardianship continues.

Upon sale of land the guardian is accountable to Probate Court for proceeds. If he fails to collect, but delivers the deed, he is still accountable. He must settle such account, or be removed, and his bond (either general or sale bond) prosecuted, by order of Probate Court for the benefit of any party interested. *Jacobs* v. *Fouse*, 23 Minn. 51; *Bitzer* v. *Bobo*, 39 Minn. 18...

It is also claimed by defendant that the minors are not the proper parties plaintiff, but if any action can be sustained, it should be brought by the general guardian as plaintiff. The order of the court below was therefore right, even should the reason given therefor in the order, be wrong.

DICKINSON, J.    This action was instituted in the District Court to recover the purchase price of certain land of the infant plaintiffs, alleged to have been duly sold and conveyed by their general guardian, one St. Martin, to the defendant, for the price of $650.

The complaint, alleges that this price has not been paid, and that the plaintiffs' general guardian, St. Martin, refuses to collect the same.    The defense interposed by the answer of the defendant is that he had paid the money to St. Martin, and that the latter had accounted for it in the Probate Court having jurisdiction of the matter.

The case coming to trial, and it appearing that the plaintiffs were still under guardianship of the Probate Court, the court dismissed the action, on motion of the defendant, upon the ground that it had not jurisdiction.    This was error.    The District Court not only had jurisdiction of such an action, but its jurisdiction was exclusive of that of the Probate Court.    An action could not have been prosecuted in the Probate Court against the purchaser of the land to recover the purchase price.    Such an action would not be within the jurisdiction of that court.

It is, however, suggested that the order should be affirmed on the ground that the infants are not the proper parties to prosecute such an action; that it should be prosecuted by their general guardian. But the infants are the real parties in interest, for whose benefit the action is prosecuted, whether it be through the intervention or at the instance of the general guardian, or of a guardian *ad litem*, and the action should be prosecuted in the name of the minors by the guardian who may be authorized to act in their behalf.    *Perine* v. *Grand Lodge A. O. U. W.*, 48 Minn. 82, (50 N. W. Rep. 1022.)    It being alleged that the general guardian refuses to collect the purchase price of the land sold, the action is properly brought in the name of the minors by a guardian appointed for the purpose.

Order reversed.

(Opinion published 54 N. W. Rep. 185.)