SARAH L. COMSTOCK vs. SAMUEL MATTHEWS et al.

Argued Oct. 9, 1893. Affirmed Oct. 20, 1893.

No. 8306.

Jurisdiction of Probate Courts.

The Probate Code (Laws 1889, ch. 46) only authorizes the presentation to the Probate Court of claims against the estates of deceased persons arising on contract.

Claim arising on tort may be prosecuted in the District Court.

Where the claim arises on tort, the claimant may bring his action against the personal representative in the District or other Court of competent original jurisdiction.

Constitution, Art. 6, § 7, construed.

Held, also, that this is not in conflict with Article 6, § 7, of the constitution, giving the Probate Court "jurisdiction over the estates of deceased persons."

Appeal by defendants, Samuel Matthews and Thomas Nolan, executors of the will of Thomas Dunn, deceased, from an order of the District Court of Dakota County, W. C. Williston, J., made September 13, 1892, overruling their demurrer to the complaint.

The complaint stated that plaintiff, Sarah L. Comstock, owned one hundred and twenty acres of land in section two (2) township forty-one (41) north of range ten (10) west in Washburn County, Wisconsin. That Thomas Dunn, deceased, in 1879 unlawfully cut on the land and carried away to Stillwater, Minnesota, 301,000 feet of logs and lumber and there converted the same to his own use, to plaintiff's damage $602. That Dunn died testate February 7, 1892, and that defendants were on March 14, 1892, duly appointed ex-

ecutors of his will.   That when the trespass was committed plaintiff was an infant and that she was still under twenty-one years of age. She demanded judgment for $602, and interest thereon from January 1, 1880 and costs.

To this complaint the defendants demurred on the ground that the District Court had not jurisdiction, that the plaintiff's claim should have been presented for allowance in the Probate Court. The demurrer was overruled and defendants appeal.

*Searles & Gail,* for appellants.

*Clagett & Stowe,* for respondent.

MITCHELL, J.   The common-law as well as the statutory rule is that all causes of action by one against another which do not die with a person survive to the personal representative of the former and against the personal representative of the latter.

The present Probate Code (Laws 1889, ch. 46, § 107) only prohibits the bringing of actions at law for the recovery of money against the personal representative upon claims which may be presented to the probate court.

Section 104 of the same Code authorizes the presentation to the Probate Court only of claims arising upon contract, evidently intending to leave those having claims arising on tort to establish them in an ordinary action at law against the personal representative.

This being an action to recover damages for a tort committed by defendant's testate upon the property of the plaintiff, there is nothing in the statute prohibiting it from being brought in the District Court.   In fact, if the statute is to control, this was plaintiff's only remedy.   Appellants practically concede this to be so, but contend that Article 6, § 7, of the Constitution, which provides that the Probate Court "shall have jurisdiction over the estates of deceased persons," gives that court exclusive jurisdiction over all claims against such estates, whether arising on contract or tort, and that it is not competent for the legislature to confer such jurisdiction on any other court.   It would seem to logically follow from this position that under the constitution the Probate Court has exclusive original jurisdiction of all matters collaterally involved in the disposition of the estates of deceased persons from the time of the death of the owners until the property has been placed in

the possession of those to whom it devolves whenever the determination of such matters becomes necessary to a full realization of the rights of creditors, heirs, legatees, distributees, and devisees.

While by a process of gradual development most American Probate Courts have been invested with much larger powers than the early English testamentary courts, yet in none of them has there ever been vested any such extensive powers.   Ordinarily, the functions of such courts have been limited to the control of the devolution of property upon the death of the owner, and have not been extended to collateral matters involving controversies between the estate and third parties.   These, if an adjudication of them becomes necessary, have generally been left to be tried in the appropriate action in the courts of general jurisdiction.   The practice of requiring claims for money against the estate to be presented, in the first instance, to the Probate Court, although now quite general, is of comparatively recent origin.   Formerly if such a claim was disputed, the claimant was put to his action against the personal representative in a common-law court of competent jurisdiction, and, if there determined in his favor, the claim would be paid in the regular course of administration in the Probate Court.   Conceding, as we may, and probably must, that under the constitution the jurisdiction of the Probate Court over the estates of deceased persons, for the purposes of administration, properly so called, is exclusive, yet in determining the nature and extent of the jurisdiction intended to be conferred on this court it is proper to consider what jurisdiction over such estates was, at the time of the adoption of the constitution, usually vested in Probate Courts, and especially in those of this Territory.   On reference to the laws of the Territory then in force, we find that while the general rule was that claims for money against the estates of deceased persons were required to be presented in the first instance to the Probate Court, yet either party might appeal to the District Court, where the matter was tried *de noco*; and under certain circumstances the claimant was permitted to bring his action in the first instance against the personal representative in any court of competent jurisdiction.   If a party had any cause of action other than for money against the estate,—as, for example, to enforce performance of a contract of the deceased pertaining to real estate,—he was left to his ordinary action in the District Court.

v.55m.—8

In view of this state of the law at the date of the adoption of the constitution it seems clear to us that jurisdiction to try and determine controversies arising between the estate and third parties has never been considered an essential or necessary part of the administration of estates vested in Probate Courts, and that in giving that court jurisdiction "over the estates of deceased persons" it was never designed to give it exclusive jurisdiction to try and determine controversies incidentally arising in the course of the settlement of such estates over claims of third parties against an estate. The constitution specifies the general subject of the jurisdiction of that court without defining its extent, which is apparently left, under certain limitations, to be fixed by statute. Undoubtedly the legislature may, as a matter of convenience, commit the determination, in the first instance, of such matters, to the Probate Court; but there is, in our opinion, nothing in the constitution to prevent them from providing that, in case of all disputed claims against the estate, the claimant may or shall bring his action against the personal representative in some other court of competent jurisdiction; in fact, unless otherwise expressly provided, that would be his only remedy. Under the present Probate Code, such is the case as to claims arising on tort.

The result is that this action was properly brought in the District Court, and the order overruling the demurrer must be affirmed.