JOHN C. OSWALD and Others v. GEORGE A. PILLSBURY, Administrator.[1]

July 2, 1895.

Nos. 9367—(289).

**Action against Administrator — Contingent Claim — Allowance by Probate Court.**

An action may be lawfully brought against an administrator upon a contingent claim where the amount cannot be ascertained and determined by calculation or computation by the probate court, so as to become absolute prior to the time limited for presenting claims; and, upon the presentation to the probate court of a properly authenticated copy of the judgment record, it may be allowed and paid in the same manner as other claims of the same class.

Appeal by plaintiffs from an order of the municipal court of Minneapolis, Holt, J., sustaining a demurrer to the complaint. Reversed.

*A. D. Smith*, for appellants.

Co-tenants are liable for contribution. Van Brunt v. Gordon, 53 Minn. 227, 54 N. W. 1118. The claim was not a contingent claim. Jemison v. Blowers, 5 Barb. 686; In re Martin's Estate, 56 Minn. 420, 57 N. W. 1065; Bullard v. Moor, 158 Mass. 418, 33 N. E. 928; Comstock v. Matthews, 55 Minn. 111, 56 N. W. 583. The administrator of a deceased surety may be called on for contribution. Bachelder v. Fisk, 17 Mass. 464; Johnson v. Harvey, 84 N. Y. 363; Sibley v. McAllaster, 8 N. H. 389; Malin v. Bull, 13 Serg. & R. 441; Camp v. Bostwick, 20 Ohio St. 337. The right to contribution does not arise until

[1] Reported in 63 N. W. 1072.

the surety has paid more than his share of the debt. Rutherford v. Branch Bank, 14 Ala. 92; Lytle v. Pope, 11 B. Mon. 297; Van Petten v. Richardson, 68 Mo. 379; Wood v. Leland, 1 Metc. (Mass.) 387; City of Keokuk v. Love, 31 Iowa, 119.

*Cross, Carleton & Cross*, for respondent.

The municipal court had no jurisdiction over the person of the administrator (Const. art. 6, § 7) or over the subject of the action. The complaint does not state facts sufficient to constitute a cause of action. The claim is contingent. McKeen v. Waldron, 25 Minn. 466; Palmer v. Pollock, 26 Minn. 433, 4 N. W. 1113; Jemison v. Blowers, 5 Barb. 686; Tobias v. Rogers, 2 Edm. Sel. Cas. 168. The claim, not having been presented in the probate court, is barred. Commercial Bank v. Slater, 21 Minn. 174; Hill v. Nichols, 47 Minn. 382, 50 N. W. 367; Bryant v. Livermore, 20 Minn. 271 (313); Fern v. Leuthold, 39 Minn. 212, 39 N. W. 399; Hill v. Townley, 45 Minn. 167, 47 N. W. 653; Johnson v. Harvey, 84 N. Y. 363; Massachusetts M. L. Ins. Co. v. Elliott, 24 Minn. 134; Cone v. Dunham, 59 Conn. 145, 20 Atl. 311.

BUCK, J. The plaintiffs and one Fred C. Pillsbury, on April 3, 1892, took a lease of William W. Hayward and wife of certain real estate for the term of 11 years from April 1, 1892, in which they covenanted and agreed to pay a certain rent, pay all taxes and assessments, and keep the buildings on the premises insured. Fred C. Pillsbury died, intestate, on May 15, 1892; and on June 13, 1892, George A. Pillsbury was appointed his administrator by the probate court of Hennepin county, which court, on the last-named day, made an order limiting the time for creditors to present claims for examination and allowance to the first Monday of January, 1893. There was no application for a further extension of time for the presentation of claims, and no such extension was ever granted. The claim sued upon herein was never presented to the probate court.

This suit is against the administrator to recover the sum of $233.-28, which the plaintiffs claim they paid for rent and taxes and insurance due upon the lease, and for which the plaintiffs claim that the estate of the deceased was jointly and severally liable with themselves. This amount became due and payable for the years 1893 and 1894, by virtue of the terms of the lease referred to, after

the decease of Fred C. Pillsbury. The defendant interposed a demurrer to the complaint; upon these grounds: First, that this court has no jurisdiction of the person of the defendant as such administrator; second, that this court has no jurisdiction of the subject of the action; third, that the complaint does not state facts sufficient to constitute a cause of action. The court below sustained the demurrer, and plaintiffs appeal.

One of the principal questions in this case is whether the claim sued upon is a "contingent claim," within the meaning of the language used in the Probate Code, and particularly section 104 (G. S. 1894, § 4511), when construed in connection with sections 107 and 110 of the same (G. S. 1894, §§ 4514, 4517). The writer of this opinion is relieved of the difficulty of an extended discussion of this question by the opinion just written and filed by the Chief Justice in the case of Hantzch v. Massolt (argued in this court on the same day as this one) supra, p. 361, 63 N. W. 1069. In that case it is held "that a 'contingent claim' arising on contract against the estate of a decedent, which does not become absolute and capable of liquidation before the time limited for creditors to present their claims to the probate court for allowance, is not barred because it was not so presented; and the holder of such a claim, after it becomes absolute, may maintain an action against the heirs, next of kin, legatees, or devisees to whom the residue of the estate has been distributed, to recover such claim to the extent of the estate received by them."

We think that the claim sued upon herein is a contingent claim, within the principles laid down in that case. The claim is one which accrued after the death of Fred C. Pillsbury, upon a lease wherein he was jointly and severally liable with the plaintiffs. The lease, by its terms, ran for a period of 11 years, at the rate of $800 per annum, payable quarterly. It also provided that the lessees should pay all taxes assessed upon the premises as soon as they became due, and keep the premises insured for at least the sum of $1,200. These plaintiffs paid during the years 1893 and 1894 the share of the deceased, as follows: Rent, $114.43; taxes, $109.85; insurance, $9. Now, section 110 of the Probate Code (G. S. 1894, § 4517) provides that "upon the allowance or disallowance of any claim the court shall make its order allowing or disallowing the

same. The order shall contain the date of allowance and the amount allowed, the amount disallowed, and be attached to the claim with the offsets, if any."

If these claims are such that it was imperative that plaintiffs should have presented them within the time limited by the probate court, then the same class of claims which will accrue for the ensuing eight or nine years should also have been presented. But how did the plaintiffs know prior to the first Monday in January, 1893 (the time limited for presenting claims) what the taxes would be for 1894? And how could they state what they would be for each year until the termination of the lease? Could they, at any time within the period limited by the court for presenting claims, make out an itemized and verified claim against such estate of the amount of the taxes that would be levied for 10 or 11 subsequent years, or the amount of insurance that would necessarily have to be paid during that time? The impossibility and absurdity of such a contention is too apparent to need argument. A contingent claim, therefore, within the meaning of section 104 of the Probate Code (G. S. 1894, § 4511), is one upon which the probate court, under section 110 of the same Code, can make an order stating the amount allowed or disallowed. As these amounts could not by any possible method of calculation or computation be ascertained by the probate court, he could not allow or disallow them, and state the amount; and they are therefore not such contingent claims as are mentioned in section 104, above cited, and which must be presented within the time limited, or be forever barred.

Can the plaintiffs maintain this action against the administrator, as such, to recover this claim, or must he wait until the estate has been assigned to the heirs, next of kin, legatees, or devisees, as the case may be, and then bring suit against them to recover the amount of such claim? It is clear, we think, that the plaintiffs were not volunteers in paying these claims, but that their joint liability existed when the claims became due, and that, having paid the decedent's share, their right to maintain an action for contribution exists also. Van Brunt v. Gordon, 53 Minn. 227, 54 N. W. 1118. The Probate Code (Laws 1889, c. 46, § 107; G. S. 1894, § 4514) only prohibits the bringing of actions for the recovery of money against the personal representative upon claims which may

be presented to the probate court. As this claim is not one which could have been presented to the probate court for allowance or disallowance, it does not fall within the prohibition of section 107.

In the case of Comstock v. Matthews, 55 Minn. 111, 56 N. W. 583, it was held that the common law, as well as the statutory rule, is that "all causes of action by one against another which do not die with a person survive to the personal representative of the former against the personal representative of the latter." That case was one where the decedent had unlawfully cut and carried away a large amount of logs and lumber, and converted the same to his own use. Some time after the commission of this tort, the defendant died, and the claim for damages was not presented to the probate court for allowance, but suit was brought directly against his executors, and this court held that the action could be maintained. We perceive no distinction between a claim in tort and one upon contract, like this claim, when it is of such a character that it cannot be presented to the probate court for allowance.

The counsel for the respondent contends with much earnestness that, if it be held that the holder of a contingent claim can bring suit and recover judgment against the administrator or executor, he could follow up his judgment with the issuance of an execution and a levy and sale of the property of the estate, and the officer holding such process could sell the estate on short notice, and at a terrible sacrifice, and the property rights of widows, children, heirs, and legatees be sacrificed and destroyed. This contention is more imaginary than real. It was held in the case of Berkey v. Judd, 27 Minn. 475, 478, 8 N. W. 383, that "when a judgment in another court, conclusive against the estate, has been returned, there can be no difficulty in bringing it to the knowledge of the probate court, so that it may order it paid. Without any statute upon the subject, a certified or authenticated copy of the judgment filed in the probate court is sufficient."

We do not hold that, if this appellant shall succeed upon a trial of his cause of action in a court of general jurisdiction, such judgment will have a preference over claims of the same class duly proven in probate court. What we do hold is that the claim of the appellant is of such a character that he may bring suit upon it in a court of competent jurisdiction, and have a trial thereof, because it is not

such a claim as had to be presented to the probate court within the time limited for presenting other claims, or be forever barred.

But our statute expressly prohibits the giving of a preference in the payment of one debt over another of the same class. G. S. 1894, § 4530, is as follows: "No preference shall be given in the payment of any debt over any debts of the same class; nor shall a debt due and payable be entitled to preference over debts not due." If the appellant obtains a judgment upon his claim, which is one for money due upon a contract liability, and there is ample means to pay all debts of this class, it will have to be paid in full with the other claims; and, if there are not enough assets to pay in full, it will have to be paid pro rata, in the manner provided for in G. S. 1894, § 4529; the debts having a preference over all of such claims being the funeral expenses, expenses of last sickness, debts having a preference by laws of the United States, and taxes.

The rule laid down in Redfield's Law and Practice of Surrogates' Courts (3d Ed., p. 550), is that "the commencement of a suit for the recovery of a debt or the obtaining a judgment thereon against the executor or administrator does not entitle such debt to any preference over other debts of the same class." By obtaining judgment in a court of competent jurisdiction, this appellant will have his claim properly adjudicated, and a certified or duly authenticated copy of the judgment record can then be presented to the probate court for allowance, and payment made in the mode above indicated. This will place the appellant upon the same standing as the other creditors of the same class, with rights neither superior nor subordinate.

This proceeding, to obtain the proper evidence of the existence and legality of the appellants' claim by a trial in a court of general jurisdiction, is not, as claimed by respondent's counsel, a violation of Const. art. 6, § 7, which provides "that probate courts shall have jurisdiction over the estates of deceased persons." This question is fully discussed and decided against the contention of this respondent in Comstock v. Matthews, 55 Minn. 111, 56 N. W. 583, and we need not repeat the reasoning therein contained.

There is no merit in the contention of the defendant that the municipal court of Minneapolis did not have jurisdiction of the defendant as such administrator, nor of the subject of the action. We

have examined the provisions of the law establishing that court, and we do not find anything which forbids or does not warrant the bringing of this action therein.

The order sustaining the defendant's demurrer to the plaintiffs' complaint is reversed.

CANTY, J. (dissenting). I cannot concur in the foregoing opinion.

G. S. 1894, § 4511, provides that "all claims arising upon contracts, whether the same be due, not due or contingent, must be presented to the probate court within the time limited in said order [for creditors to present claims], and any claim not so presented is barred forever." In the case of Hantzch v. Massolt, supra, p. 361, 63 N. W. 1069, we held that it could not have been intended by this section to bar an action against the heirs, devisees, distributees, etc., under G. S. 1878, c. 77, §§ 7–14 (G. S. 1894, §§ 5918–5925), on a contingent claim, which had not become absolute or capable of liquidation before the time limited to present claims had expired. I was willing to go that far, and hold that, while the words "barred forever" in said section 4511 barred such contingent claim as against the administrator, and also barred such claim from participating in or interfering with the distribution of the assets in his hands, they did not bar an action against such heirs and distributees to the extent of the assets received by them. But this is as far as I am willing to go. If a contingent claim is not barred for any purpose unless it becomes absolute before the time to present claims expires, it is not then barred by the provision which applies to contingent claims, but by the provision which applies to absolute claims, as it had ceased to be contingent before the bar took effect.

The holding of the majority amounts to erasing the provision barring contingent claims from the statute, as a claim which becomes absolute before the time to present claims expires is barred, not because it is a contingent claim, but because it is an absolute claim, at the time it is thus barred. We have no right to wholly erase the provision barring contingent claims from the statute. It is the claim itself that is barred, not the method of its presentation; and to say that it is barred from being presented directly to the probate court, but not from being presented to the administrator through another court, is not, in my opinion, a proper interpreta-

tion of the statute. Besides, it will have the effect of delaying the prompt settlement of estates, and such delay has always been a serious evil.