THEODORE PFLAUM v. GEORGE BABB.[1]

June 13, 1902.

Nos. 12,983—(142).

## Incompetent—Claims against Estate.

G. S. 1894, § 4511, which provides that all claims against the estate of deceased persons arising on contracts must be presented within the time limited by an order of the probate court, made in accordance with

[1] Reported in 90 N. W. 1051.

section 4509, or be barred forever, is not applicable in cases where a guardian has been appointed to have the care and management of the estate of a mentally incompetent person.

Action in the district court for Rice county to recover $500 and interest upon a promissory note. The case was tried before Buckham, J., and a jury, which rendered a verdict in favor of plaintiff for the sum demanded. From an order denying a motion for judgment notwithstanding the verdict or for a new trial defendant appealed. Affirmed.

A. B. Childress, for appellant.

C. W. & W. W. Pye, for respondent.

COLLINS, J.

After the promissory note in question in this action was executed and delivered by defendant to plaintiff, the wife of the former petitioned the probate court of the proper county to have him declared incompetent, and to have it adjudged that he was an improper person to have charge and management of his property. Due notice having been given to the alleged mentally incompetent, a hearing was had, one Dougherty duly appointed guardian of his estate, and prior to the bringing of this action he accepted the trust, duly qualified, and entered upon the discharge of his duties. Immediately thereafter, on the guardian's petition, the court made and issued its order, wherein it limited six months as the period of time in which all creditors of the incompetent were required to exhibit and file claims against him in said court for examination and allowance, or to be thereafter forever barred from asserting the same. This notice was published in accordance with G. S. 1894, § 4509. The note in question was not filed, and upon its maturity this suit was instituted; the guardian answering for defendant, and assuming control of the litigation.

The real inquiry is whether, by reason of this order and expiration of time within which claims were to be presented, without any claim being made by plaintiff, his right to enforce collection of the note has been barred. The claim made by the guardian that it has is based upon G. S. 1894, § 4563, which reads as follows:

"All proceedings relating to the sales or mortgaging of property of persons under guardianship, and all proceedings relating to the presentation, allowance and payment of claims and demands against such persons, must be had and made as required by the provisions of this code relating to the estates of decedents, so far as they are applicable, unless otherwise specially provided in this chapter."

Prior to the enactment of the Probate Code of 1889. Laws 1876. c. 77, specifically provided for the presentation and allowance of claims against insane persons in probate court. No such provision existed respecting claims against other persons under guardianship. By the enactment of the code this provision of chapter 77 was repealed, and in that code we find section 4563, which applies generally to all persons under guardianship,—minors, incompetents, spendthrifts, and the insane. If the procedure fixed by section 4509 respecting the making of an order by the court fixing a period of time within which claims against the estate of deceased persons must be presented, and the publication of such notice, and the effect thereof, is, by section 4563, made applicable to all cases of guardianship, the plaintiff's right to sue defendant upon this note was barred by a failure to present it. But these provisions relating to the estates of decedents are to control only "so far as they are applicable,"—a clear expression of the legislature that some are not expected to be pertinent, because inapplicable.

We are clearly of the opinion that the code provision (section 4511) as to the effect of a failure to present a claim for allowance by the probate court within the prescribed period was not intended to apply or to be pertinent in a case where the estate of an incompetent is committed to the care and management of a guardian. The guardianship may be terminated at any moment, and the estate returned by a judicial determination restoring the incompetent to capacity, and it would also terminate with his death and the appointment of a representative. For these and other reasons it could not have been the intention of the legislature to enact a law which would permit a debtor to escape payment of his just debts through any such summary and unjust method as this would prove to be. As suggested by respondent's

counsel, the federal bankruptcy act has been completely eclipsed by section 4563, if the construction insisted on is to be given it, because under that act actual notice of the proceedings must be given to every creditor, while under this constructive notice only is to be given.

Some of the provisions of the code relating to claims against the estates of deceased persons may be applicable in the management and settlement of the estate of incompetents under guardianship, but not those under consideration; for, if they were, the estate of an incompetent could be put in the hands of a guardian without notice of any kind to creditors,—simply on petition, and with notice to the alleged incompetent only,—an order obtained ex parte, published in a newspaper, and then by expiration of the fixed period of time the debtor would be relieved of his obligations. He could then immediately be restored to capacity with an abundance of property, which should have been appropriated to the payment of his debts. We cannot indorse any such injustice as this would be until a positive statute compels us so to do.

At common law an incompetent could sue or be sued, and his guardian took no legal estate in his property. This rule was in mind when the opinion in Peterson v. Baillif, 52 Minn. 386, 54 N. W. 185, was written. The necessity of making the guardian a party at some time in order to enforce collection of a claim may be apparent, but here the guardian made himself a party by answering in the case and defending at the trial. It is probably true that the legislature could confer upon the probate courts original jurisdiction and authority to pass upon claims against the estates of persons under guardianship. And while this method of determining claims might be adopted, there is nothing in the constitution of the state or in the statutes which prevents the bringing of an action against an incompetent in a court of competent jurisdiction other than the probate court. See Comstock v. Matthews, 55 Minn. 111, 56 N. W. 583.

Order affirmed.