[No. 2205]

ANNA BROWN KILLGROVE, GUARDIAN OF THE
PERSON AND ESTATE OF DENEZE BROWN (A MINOR),
APPELLANT, v. CHARLES MORRISS AND FLORA
MORRISS (HIS WIFE), RESPONDENTS.

[156 Pac. 686]

1. JUSTICES OF THE PEACE—CIVIL JURISDICTION—CHARACTER OF
   PARTIES—GUARDIANS.
   Under Const. art. 6, secs. 6–8, providing that district courts
   shall have jurisdiction in all cases where the demand exceeds
   $300 and all cases relating to the persons and estates of
   minors and insane persons, and giving the legislature power to
   fix the powers of justices of the peace, provided they shall not
   have jurisdiction conflicting with that of courts of record, and
   Rev. Laws, 5714, 5726, conferring jurisdiction upon justices'
   courts in actions on contract for the recovery of money only
   where the demand is not over $300, and providing for appear-
   ance by general guardian or guardian ad litem of an infant or
   insane person in justice's court, a justice's court has jurisdic-
   tion in actions at law brought by the guardian of a minor
   where the amount involved does not exceed $300.

APPEAL from the Eighth Judicial District Court,
Churchill County; T. E. Hart, Judge.

Action by Anna Brown Killgrove, guardian, against
Charles Morriss and wife. From a judgment for defen-
dants upon demurrer to the complaint, plaintiff appeals.
Affirmed.

Mack & Green, for Appellant:

The demurrer to the complaint should have been
overruled. The district court had jurisdiction to hear
and determine the matters set forth in the complaint.
(Const. Nev. sec. 6, art. 6; Deegan v. Deegan, 22 Nev. 197.)

In cases where the constitution gives the district court
original jurisdiction, as in this case, it has been held that
it was an exclusive jurisdiction. (Peacock v. Leonard,
8 Nev. 87.)

The lower court erred in dismissing the action without
giving appellant an opportunity to amend her complaint.
(Rev. Laws, 5043; Cal. State T. Co. v. Patterson, 1 Nev.
150; Lake Bigler Road Co. v. Bedford, 3 Nev. 399; Treadway
v. Wilder, 8 Nev. 91.)

*Percy & Smith,* for Respondents:

Section 8, article 6, Constitution of Nevada, gives the justice courts jurisdiction in cases in which the matter in dispute is a money demand, or personal property, and the amount in demand (exclusive of interest), or the value of the property, does not exceed $300, not excepting therefrom the cases in which a minor is a party.

The constitution does not restrict the jurisdiction of justice courts over any class of persons; and to hold that the phrase, "persons and estates of minors," as used in section 6, article 6, imposes the duty of trying all cases in which a minor is a party upon the district court, would create a conflict between the jurisdiction of the district courts and the justice courts, and would make section 8, article 6, repugnant to section 6, and would give that phrase a meaning not contemplated or intended by the framers of the constitution. In construing constitutional provisions it is the duty of the court to have recourse to the whole instrument, if necessary, to ascertain the true intent and meaning of any particular provision; and if there is any apparent repugnancy between the different provisions, the court should harmonize them if possible. (6 R. C. L., sec. 41, p. 47.)

As the complaint could not be amended to bring the matter within the jurisdiction of the district court, the court did not err in dismissing the case.

By the Court, NORCROSS, C. J.:

This is an appeal from the judgment on the judgment roll alone. To plaintiff's complaint in an action at law brought in the district court to recover a money judgment in the sum of $113.40, a demurrer to the jurisdiction of the court was interposed and sustained.

The question is presented whether the district court or the justice's court has jurisdiction in actions at law brought by the guardian of a minor where the amount involved does not exceed $300.

Article 6, section 6, provides:

"The district courts  *  *  *  shall have original jurisdiction in all cases in equity; also  *  *  *  in all other

cases in which the demand exclusive of interest  *  *  *
exceeds three hundred dollars, also in all cases relating
to the estates of deceased persons, and the persons and
estates of minors and insane persons.  *  *  *  "  (Rev.
Laws, 321.)

Section 8 of the same article provides:

"The legislature shall determine the number of justices
of the peace  *  *  *  and shall fix by law, their powers,
duties and responsibilities, provided, that such justices'
courts shall not have jurisdiction of the following cases,
viz:  *  *  *  Of cases that in any manner shall conflict
with the jurisdiction of the several courts of record.
*  *  * "  (Rev. Laws, 323.)

By statute, jurisdiction is conferred upon justices'
courts "in actions arising on contract for the recovery of
money only if the sum claimed, exclusive of interest, does
not exceed three hundred dollars." (Rev. Laws, 5714.)

It is the contention of counsel for appellant that the
language of the constitution, *supra*, fixing original jur-
isdiction in the district courts "in all cases relating
to  *  *  *  the persons and estates of minors," brings
this case exclusively within the jurisdiction of the dis-
trict court because the action is brought by the guardian
of the minor and involves rights growing out of his
estate.

There are positive provisions in the sections of the
constitution and statute cited, *supra*, which would fix the
jurisdiction to try this case in the justice's court. How-
ever, if the construction contended for by counsel for
appellant is given to the words in section 6, "in all cases
relating to  *  *  *  the persons and estates of minors,"
then this case was properly brought in the district court.

The following well-established rule of constitutional
construction is quoted from 6 Ruling Case Law, p. 41,
sec. 41:

"In construing a constitutional provision it is the duty
of the court to have recourse to the whole instrument,
if necessary, to ascertain the true intent and meaning of
any particular provision, and if there is an apparent
repugnancy between different provisions the court should

harmonize them if possible.  Frequently the meaning of one provision of a constitution standing by itself may be obscure or uncertain, but is readily apparent when resort is had to other portions of the same instrument.  It is therefore an established canon of constitutional construction that no one provision of the constitution is to be separated from all the others, and to be considered alone, but that all the provisions bearing upon a particular subject are to be brought into view and to be so interpreted as to effectuate the great purposes of the instrument. * * * ".

We quote the following from the brief of counsel for appellant:

"In the original draft of this section of the constitution, no provision whatever was made (in so many words) 'for taking care of the persons and estate of minors nor insane persons.'  In the debate found on page 653 of the Nevada Constitutional Debates and Proceedings will be found the following language:

" 'Mr. Johnson—I move to amend by inserting after the words "Deceased persons," the words, "and the persons and estates of minors."

" 'Mr. Banks—I would suggest, further, whether it would not be well to include cases of divorce.

" 'Mr. De Long—They are covered already.  These are actions in equity, and it is provided that the district courts shall have original jurisdiction in all cases in equity.  They will also have jurisdiction in all other cases provided for by law.

" 'Mr. Brosnan—I have no objection to the amendment of the gentleman from Ormsby (Mr. Johnson), but it appears to me that the courts *must have equity jurisdiction over the estates of minors and insane persons.  That is clearly a branch of the equity jurisdiction of the courts.*

" 'Mr. Johnson—I will add to my amendment, the words, "and insane persons."

" 'The question was taken on the amendment offered by Mr. Johnson, as modified, and it was agreed to.'

"Hence it will be seen that the framers of the constitution knew and stated that all matters concerning the

persons and estates of minors and insane persons had to
be dealt with, in a court of equity, and that a court of
equity alone had jurisdiction. The constitution having
already provided that the district courts should have
original jurisdiction in all cases in equity and to place
the matter beyond question, adopted the amendment
giving the district courts original jurisdiction in all cases
relating to the estates of deceased persons and the
persons and estates of minors and insane persons."

It is not clear to us from a reading of the brief debate
upon the question that counsel's interpretation of the
views expressed is a correct one. Rather it would seem
to us that the expressions, particularly of Mr. De Long
and Judge Brosnan, were to the effect that the provision
of the proposed section, giving district courts general
equity jurisdiction, was sufficient to cover cases relating
to the persons and estates of minors without more, but
that there could be no objection to making the provision
more specific. We do not think it can be said, from any-
thing which appears in this debate, that the purpose of
the Johnson amendment was to invest district courts
with a more extensive jurisdiction in these matters than
was usually cognizable by courts of equity. Actions at
law by executors, administrators, or guardians in their
representative capacity have never been considered as
essentially partaking of the equitable character of pro-
ceedings in the estate itself. Even an action in equity
to foreclose a mortgage against the property of a decedent
is regarded as a case outside the matter of the estate
itself. (*Corbett* v. *Rice*, 2 Nev. 330; *Kirman* v. *Powning*,
25 Nev. 378, 60 Pac. 834; 61 Pac. 1090.)

There is some rather convincing evidence that Judge
Johnson, who proposed the change in the original draft
of the section of the constitution in question, did not have
in mind that the added words would warrant the con-
struction counsel for appellant seeks to have placed upon
them. The legislature of 1866 passed an act appointing
Judge Johnson "a commissioner to prepare and report to
the legislature * * * a civil practice act, complete in
all its parts so far as practicable." (Stats. 1866, p. 158.)

The civil practice act adopted by the legislature of 1869 (Stats. 1869, p. 196), which doubtless was the work of Judge Johnson, provides in several sections for suits to be prosecuted and defended in justice's courts by executors and administrators of the estates of deceased persons and by guardians of infants. (See sections 6, 9, 10, 509, 515.) Section 515 expressly authorized justices of the peace to appoint guardians *ad litem* for infant plaintiffs or defendants. These provisions of the civil practice act of 1869 continued without change until the adoption of the code of 1912. Section 784 (Rev. Laws, 5726), relating to actions in justice's courts, in part reads:

"When an infant, insane, or incompetent person is a party, he must appear, either by his general guardian if he have one, or by a guardian *ad litem* appointed by the justice."

It will thus be seen that throughout practically the entire history of the state the right of executors, administrators, and guardians to sue and be sued in justice's courts, in cases otherwise cognizable by that court, has been recognized by statute. This fact is entitled to great weight in interpreting a provision of the constitution. (6 R. C. L., secs. 59, 60.)

While the language used in the constitution of this state is not precisely the same as that appearing in the constitution of California and some other states which have considered a similar question, the construction placed by the legislature upon the provisions of our constitution by its statutory enactments is the same as that placed by the courts of other states upon similar constitutional and statutory provisions. (*Gallagher* v. *McGraw*, 132 Cal. 601, 64 Pac. 1080; *McLean* v. *Crow*, 88 Cal. 644, 26 Pac. 596; *Idaho Trust Co.* v. *Miller*, 16 Idaho, 308, 102 Pac. 360; *Bradwell* v. *Wilson*, 158 Ill. 346, 42 N. E. 145; *Peterson* v. *Baillif*, 52 Minn. 386, 54 N. W. 185.)

The judgment is affirmed.