### JESSIE A. CLARK v. EDWIN L. BUCK AND ANOTHER.[1]

June 2, 1922.

No. 22,683.

**Contract by incompetent — jurisdiction of district court.**
> The district court has jurisdiction of an action on contract against a person under guardianship as an incompetent.

Action in the district court for Hennepin county to recover $924 for care and support of plaintiff's mother for three years and one month. From an order, Bardwell, J., striking out as sham and frivolous that portion of defendant's answer which alleged the probate court had exclusive original jurisdiction over claims against the estate of the incompetent, defendants appealed. Affirmed.

*Jesse Van Valkenburg*, for appellants.

*L. A., A. P. & R. C. Reed*, for respondent.

DIBELL, J.

The defendant loan and trust company was appointed guardian of the defendant Buck, an incompetent, by the probate court of Hennepin county on March 24, 1915. This action is brought by the plaintiff to recover for the care and support of the mother of defendant Buck from March 1, 1914, to April 12, 1917, and moneys paid out in connection therewith. The defendants answered jointly. One allegation of the answer is that the probate court has exclusive original jurisdiction and that the district court is without jurisdiction. This allegation was stricken on motion of the plaintiff, and the defendants appeal.

[1] Reported in 188 N. W. 326.

The one question is whether the district court has jurisdiction.

By Laws 1913, p. 696, chapter 470, G. S. 1913, §§ 7453-7454, the probate court was directed, upon the appointment of a guardian of an incompetent, to fix a time for the hearing of proofs; and the provisions now incorporated in G. S. 1913, §§ 7321-7342, relative to claims against estates, were made applicable so far as practicable. The 1913 statute was repealed by Laws 1915, p. 472, chapter 342. As it now is, there is no statute committing to the probate court jurisdiction to hear and determine claims against a person under guardianship as an incompetent as in the case of decedent estates. Suit may be brought in the district court which is our one court of general original jurisdiction. We do not find that the exact point has arisen. While there is no doubt of the correctness of our holding, the following cases are useful to note: Pflaum v. Babb, 86 Minn. 395, 90 N. W. 1051; Comstock v. Matthews, 55 Minn. 111, 56 N. W. 583; In re Hause, 32 Minn. 155, 19 N. W. 973. Whether in a particular case relief might not be granted by the probate court in the exercise of the control which it has over the guardian in the performance of his duties is not a question before us.

The discussion in the briefs has gone beyond the one point raised by the record to which we confine our decision.

Order affirmed.