IN THE MATTER OF THE CONTESTED ELECTION OF ARTHUR E.
MALLORY FOR THE OFFICE OF DISTRICT ATTORNEY OF
CHURCHILL COUNTY.

JOHN O'CONNOR, APPELLANT, *v.*
ARTHUR E. MALLORY, RESPONDENT.

No. 57312

August 9, 2012                                    282 P.3d 739

*Jones Vargas* and *Bradley S. Schrager*, Las Vegas, for
Appellant.

*Lemons, Grundy & Eisenberg* and *Robert L. Eisenberg*,
Reno; *Thomas L. Stockard*, Chief Deputy District Attorney, and
*Craig B. Mingay*, Deputy District Attorney, Churchill County, for
Respondent.

*Neil A. Rombardo*, District Attorney, Carson City, for Amici
Curiae Nevada Association of Counties and Nevada District At-
torneys Association.

*Jim C. Shirley*, District Attorney, Pershing County, for Amici
Curiae Pershing County; and Celeste Hamilton, Pershing County
Assessor.

## OPINION

By the Court, SAITTA, J.:

In this appeal, we address the narrow question of whether the office of district attorney is a state office for the purpose of determining whether district attorneys are subject to term limits under the "state office" portion of Article 15, Section 3(2) of the Nevada Constitution. Reviewing the Constitution as a whole, our resolution of this inquiry is controlled by Article 4, Section 32 of the Constitution, which plainly declares district attorneys to be "county officers." Because Article 4, Section 32 identifies district attorneys as county officers, it follows that the office of district attorney cannot be considered a "state office" for term-limits purposes, and thus, district attorneys are not subject to term limits under the "state office" portion of Article 15, Section 3(2). Accordingly, we affirm the district court's order denying appellant's petition to set aside respondent's election to a fourth consecutive term as the Churchill County District Attorney.

### FACTS AND PROCEDURAL HISTORY

Respondent Arthur E. Mallory is Churchill County's district attorney. Mallory was first elected to this office in 1998 and was elected to a fourth consecutive four-year term of office in the 2010 general election. Only voters in Churchill County vote for the office of Churchill County District Attorney. Appellant John O'Connor is an elector and registered voter within Churchill County.

Following Mallory's most recent reelection, O'Connor timely filed in district court a proper person petition seeking to set aside

Mallory's victory.[1] To support his petition, O'Connor cited to two Nevada election statutes, NRS 293.407(1) and NRS 293.410(2)(b). Under NRS 293.407(1), a registered voter in the proper political subdivision may challenge the election of "any candidate," except for the office of United States Senate or House of Representatives. NRS 293.410(2)(b) provides a basis upon which a challenge may be brought: "That a person who has been declared elected to an office was not at the time of election eligible to that office." O'Connor further argued in his petition that Mallory was not eligible to serve a fourth term as district attorney because Article 15, Section 3(2) of the Nevada Constitution limits district attorneys' duration of service to no more than 12 years. Mallory opposed the petition, contending that the constitutional term-limits provision did not apply to district attorneys. The district court ultimately entered an order denying O'Connor's petition to remove Mallory as district attorney. This appeal followed.[2]

## DISCUSSION

### Standard of review

This court reviews questions of constitutional interpretation de novo. *Lawrence v. Clark County*, 127 Nev. 390, 393, 254 P.3d 606, 608 (2011). When interpreting a constitutional provision, we first look to the language itself and will give effect to its plain meaning, unless the provision is ambiguous. *Secretary of State v. Burk*, 124 Nev. 579, 590, 188 P.3d 1112, 1119-20 (2008). A constitutional provision is considered ambiguous when it is capable of at least two reasonable yet inconsistent interpretations. *Id.* at 590, 188 P.3d at 1120. When courts engage in constitutional interpretation, the document should be reviewed as a whole in order to ascertain the meaning of any particular provision. *Killgrove v. Morriss*, 39 Nev. 224, 226-27, 156 P. 686, 687 (1916).

### Nevada's Constitution

Under Nevada's Constitution, individuals elected to a "state office" or a "local governing body" may only serve for 12 years, unless the Constitution provides otherwise:

---

[1]On appeal, this court determined that the appointment of pro bono counsel to represent O'Connor would assist the court in resolving the issues presented. Thus, after the district court proceeding, O'Connor was appointed pro bono counsel.

[2]The Nevada Association of Counties, the Nevada District Attorneys Association, Pershing County, and the Pershing County Assessor were granted permission to file amici curiae briefs in this matter.

No person may be elected to any state office or local governing body who has served in that office, or at the expiration of his current term if he is so serving will have served, 12 years or more, unless the permissible number of terms or duration of service is otherwise specified in this Constitution.

Nev. Const. art. 15, § 3(2). This constitutional provision does not act as a wholesale implementation of term limits on all nonjudicial elected governmental officials.[3] Instead, Article 15, Section 3(2) sets forth two separate and distinct categories of public officials who are subject to term limits: those elected to a state office and those elected to a local governing body.

On appeal, O'Connor contends that under Article 15, Section 3(2), Mallory is barred from holding the office of district attorney because the office of district attorney is a "state office," and thus, subject to term limits.[4] Mallory disagrees, arguing that in *Secretary of State v. Burk*, 124 Nev. at 591 n.38, 188 P.3d at 1120 n.38, this court held that state offices, for the purposes of Article 15, Section 3(2), are those defined by NRS 293.109 and that are subject to elections held statewide or within a subdivision of the state greater than the county. The district court determined that this court's decision in *Burk* foreclosed the possibility that a district attorney serves in a "state office," and thus, rejected O'Connor's assertion that district attorneys are subject to term limits under Article 15, Section 3(2). The district court found further support for this conclusion in the fact that Article 4, Section 32 of the Nevada Constitution specifically labels district attorneys as "county officers."

Article 4, Section 32 of the Nevada Constitution addresses the Legislature's authority to provide for and abolish certain county offices. More specifically, this section provides, in relevant part, that "[t]he Legislature shall have power to increase, diminish, consolidate or abolish the following county officers: County Clerks, County Recorders, Auditors, Sheriffs, District Attorneys and Public Administrators." Nev. Const. art. 4, § 32. The plain language of Article 4, Section 32 clearly declares that district attorneys are county officers. And because the Nevada Constitution plainly identifies district attorneys as county officers, it necessarily follows that the office of district attorney cannot be considered a "state office," and therefore, district attorneys are not subject to term limits under the "state office" portion of Article 15, Section 3(2).

---

[3]Article 15, Section 3(2)'s term-limit provision does not apply to judicial officers. *Secretary of State v. Burk*, 124 Nev. 579, 584-85, 188 P.3d 1112, 1115-16 (2008).

[4]O'Connor does not challenge Mallory's service under the "local governing body" language of Article 15, Section 3(2), and thus, we will not address that language in this opinion.

Both Mallory and the district court are correct that this court's decision in *Burk* sets forth the generally applicable test for determining whether an elected official is subject to term limits under the "state office" portion of Article 15, Section 3(2). 124 Nev. at 591 n.38, 188 P.3d at 1120 n.38. Under *Burk*, a determination of whether an elected office is considered a "state office" for term-limits purposes turns on whether the office is included in the list of state officers set forth in NRS 293.109[5] or is subject to election by the electors of the entire state or of a subdivision larger than a county. *Id.* (citing *Van Arsdell v. Shumway*, 798 P.2d 1298, 1301 (Ariz. 1990) (noting that the term state office refers to "any other office for which the electors of the entire state or subdivision of the state greater than a county are entitled to vote")). But "the Nevada Constitution is the organic and fundamental law of this state," *Nevadans for Nevada v. Beers*, 122 Nev. 930, 948, 142 P.3d 339, 351 (2006), and it is well established that when courts interpret constitutional provisions, they should review the document as a whole to ascertain the meaning of a particular provision. *Killgrove*, 39 Nev. at 226-27, 156 P. at 687. Where, as here, the Nevada Constitution specifically sets forth the nature of a particular office—in this case declaring, in Article 4, Section 32, that the office of district attorney is a county office—this court will necessarily look first to the Constitution to determine whether that office falls under the "state office" portion of Article 15, Section 3(2), and thus, resorting to the *Burk* analysis becomes unnecessary.

## CONCLUSION

Under Article 4, Section 32 of Nevada's Constitution, district attorneys are county officers, and therefore, the office of district attorney is not subject to the term-limits provision of Article 15, Section 3(2). As a result, we affirm the district court's denial of O'Connor's challenge to Mallory's reelection.[6]

CHERRY, C.J., and DOUGLAS, GIBBONS, PICKERING, HARDESTY, and PARRAGUIRRE, JJ., concur.

---

[5]NRS 293.109 identifies, for the purposes of Nevada's statutory scheme for elections, that "state officer" refers to the following positions: governor, lieutenant governor, secretary of state, state treasurer, state controller, attorney general, supreme court justice, district court judge, state senator, state assemblyperson, University of Nevada regent, or State Board of Education member.

[6]Having considered O'Connor's remaining arguments as to why the office of district attorney should be considered a "state office" for the purpose of Article 15, Section 3(2), we conclude that they lack merit. In addition, during our resolution of this appeal, this court directed the parties to address supplemental issues. In light of the basis upon which we resolve this appeal, these additional issues need not be reached.