CASE 24—PETITION ORDINAR·Y—FEB. 3.

# Hopkins v. Virgin, &c.

APPEAL FROM GRAVES CIRCUIT COURT.

1. INFANT MAY SUE AT ANY TIME after the slanderous words were uttered until the expiration of one year after arriving at the age of twenty-one years. (Gen. Stat., chap. 71, art. 4, sec. 2.)

   *An infant failing to sue within one year* after the slanderous words were uttered is not obliged to wait and sue as an adult.

2. AN INFANT FEMALE PLAINTIFF HAVING INTERMARRIED WITH AN INFANT HUSBAND, the court properly entered him upon the record as a co-plaintiff, and allowed the action to proceed in the name of her next friend as the next friend of both.

3. AGREEMENT BY INFANT PLAINTIFFS TO DISMISS THE ACTION can only be made available as a defense against them by being pleaded. Motion of defendant to dismiss the action based upon a paper purporting to be an agreement upon the part of the infant plaintiffs to discontinue the same was properly overruled. Said paper, if it evidenced an enforceable agreement or contract, could only be made available as a defense by being pleaded. If it had been pleaded as a defense it might have been avoided by the infants.

4. MERELY FILING THE AGREEMENT TO DISMISS THE ACTION in the papers of the suit did not make it a part of the record.

W. W. TICE, ⎱
L. ANDERSON, ⎰ . . . . . . . . . . For Appellant,

CITED

General Statutes, chap. 71, art. 4, sec. 2.

E. CROSSLAND, . . · . . . . . . . . For Appellees.

JUDGE LINDSAY DELIVERED THE OPINION OF THE COURT.

The plea of limitation was not available, although more than a year had intervened between the speaking of the slanderous words complained of and the commencement of the

action. The female plaintiff, the party slandered, was an infant when the words were uttered, and was still an infant when, by her next friend, she instituted her action. She had the right at any time within one year after she should become twenty-one years of age to sue. (Sec. 3, art. 3, and sec. 2, art. 4, chap. 71, Gen. Stat.) And she could exercise that right at any time within the period limited. She was not obliged to wait and sue as an adult merely because she failed to sue within the first year after the commission of the wrong.

The principle that was recognized and applied in the cases of Newland v. Gentry (18 B. Mon. 670) and Allen v. Troutman's heirs (10 Bush, 61) is applicable in this case.

The demurrer to so much of the answer as set up and relied on the statute of limitations was properly sustained.

The female plaintiff having intermarried with an infant husband, the court properly entered him upon the record as a co-plaintiff and properly allowed the action to proceed in the name of Elliott, as next friend to both of the infant plaintiffs.

The motion of appellant to dismiss the action, based as it was upon the paper purporting to be an agreement on the part of the infant plaintiffs to discontinue it, was properly overruled. That paper, if it evidenced an enforceable agreement or contract, could only be made available as a defense by being pleaded. Merely filing it in the papers of the case did not make it part of the record for any such purpose.

This case differs from the late case of Anderson v. Anderson * in a very material particular. In that case the motion to dismiss was made by the infant husband, whose name was being used by the next friend to his wife, not only without his consent, but against his protestations. Here the husband did not move to dismiss, and there is nothing in the record to show that he was not willing that the action should proceed to judgment, nor that he would not have avoided the contract relied

---

*Ante, 327.

on by appellant on his motion to dismiss if it had been pleaded as a defense.

It is not complained that the court erred in giving or refusing instructions nor in admitting, or rejecting testimony.

Judgment affirmed.