EDNA SMITH v. ANN C. FELTER, EXECUTRIX OF ANN E. HORTON, DECEASED.

1. The statute of limitations does not begin to run against an infant or a lunatic until after the infant reaches the age of twenty-one years, or the lunatic is restored to sound mind; and a person suffering under either of these disabilities may commence his action during the continuance thereof, or within six years after it ceases.

2. Where a defendant, in his rejoinder, departs from the issue tendered by his plea, such rejoinder will be held bad upon demurrer.

On contract.   On demurrer to sur-rejoinder.

To the declaration in this case, which contained only the common counts, the defendant pleaded the general issue and *actio non accrevit infra sex annos.* The plaintiff joined issue on the first plea, and replied to the second that she ought not to be barred from maintaining her action by reason of anything contained therein, because, at the time her cause of action accrued to her, she was and ever since has been a lunatic and insane. The defendant, by her rejoinder, admitted the lunacy of the plaintiff, and charged that on the 9th day of February, 1884, by an inquisition duly taken by the county court of Orange county, in the State of New York (that being the domicile of the plaintiff), she was found to be of unsound mind and incapable of the government of herself, or of the management of her property; that on the 16th day of the same month, the said finding was confirmed by the judgment of said court, and one James Scott appointed a committee of her person and estate; that the causes of action mentioned in the replication did not accrue to the plaintiff, but to the said James Scott, as her committee, and that the same did not accrue to him within six years next before the commencement of the suit.

The plaintiff, in her sur-rejoinder, admits the appointment of a committee of her person and estate by the New York court, but charges that such appointment was without extra-territorial effect and that her committee had no power or authority over any of her property in this state and was not entitled to any rights and credits or demands due or to become due to her from a resident of this state, and that so far as any rights of action belonging to her or moneys due or to grow due to her from a resident of this state are concerned, she remains in all things as though no committee had ever been appointed by the New York court.

To this sur-rejoinder the defendant filed a general demurrer.

Argued at June Term, 1897, before MAGIE, CHIEF JUS-TICE, and Justices DEPUE, VAN SYCKEL and GUMMERE.

For the demurrant, *Corbin & Corbin.*

For the plaintiff, *Wallis, Edwards & Bumsted.* ·

.   The opinion of the court was delivered by

GUMMERE, J.   In determining which of these parties is entitled to judgment on this demurrer it is necessary to look through the whole of the pleadings in the case, for it is an established rule that judgment will be given against the party whose pleading is first defective in substance.   1 *Chit. Pl.* 668.

It is insisted on behalf of the defendant that the first substantial defect appears in the plaintiff's replication, and the contention is that, under the fourth section of our statute of limitations, a lunatic, after the expiration of six years, cannot maintain an action on a simple contract until she has been restored to sound mind.   The language of the statute is appealed to in support of this contention.   It is as follows : " That if any person or persons who is, are or shall be entitled to any of the actions specified in the three preceding sections of this act is, are or shall be at the time of any such cause of action accruing within the age of twenty-one years or insane, that then such person or persons shall be at liberty to bring the said action so as he, she or they institute or take the same within such time as is before limited, after his, her or their coming to or being of full age or of sane memory, as by other person or persons having no such impediment might have done."   *Gen. Stat., p.* 1975, § 11, *subsec.* 4.

It seems to me clear that the effect of this provision is to stay the running of the statute while the disabilities mentioned therein continue to exist, and that a party suffering from any of such disabilities may maintain an action at any time during their continuance or within six years afterward.

But conceding, for the sake of argument, that it is doubtful, from the language of this statutory provision, whether it

permits an infant or a lunatic to maintain an action after the expiration of six years unless the disability under which he rests has been removed, the result is the same.

This legislative provision has been a part of the statute law of our state since the year 1799 (*Pat. L., p.* 353), and its language remains to-day as when it was first enacted except that it then included within its protection *femes covert* as well as infants and lunatics. It is almost a transcript of the proviso of the English statute of 21 *Jac.* 1, *c.* 16, the only practical difference being that the latter act applies also to persons imprisoned and beyond the seas.

This being so, the construction to be put upon it depends upon the construction put upon the English statute by the courts of that country prior to its adoption into our own system of laws; for it is a well-settled rule that where a statute of doubtful import has been adopted in one country from the statutes of another, after its language has been judicially construed, it will be presumed that the interpretation adopted in the country from which it was taken has been accepted, as well as the words. *Lessees of Gray* v. *Askew,* 3 *Ohio* 466; *Adams* v. *Field,* 21 *Vt.* 256; *Rutland* v. *Mendon,* 1 *Pick.* 154; *Langdon* v. *Applegate,* 5 *Ind.* 327; *Rigg* v. *Wilton,* 13 *Ill.* 15.

An examination of the English reports will show that at least twice, before the year 1799, was this provision of the statute of 21 *Jac.* 1, *c.* 16, judicially construed by the courts of that country; first, by the Court of King's Bench, in the twenty-first year of the reign of Charles II., in the case of *Chandler* v. *Vilett,* 2 *Saund.* 120, and again by the Court of Common Pleas, in the year 1770, in the case of *Strithorst* v. *Graeme,* 3 *Wils.* 145.

In the case first referred to suit was brought by an infant to recover a debt; the defendant pleaded the statute of limitations, to which the plaintiff replied that, at the time of the promises, and also at the time of bringing suit, he had been and still was an infant within the age of twenty-one years. To this replication the defendant demurred. In the

report of the case in Saunders it is stated that "it was said [on the argument] that the infant should have waited until his full age, because the six years were elapsed during his infancy, and therefore he could only pursue his action according to the words of the saving clause of the act, which is, in six years *after his full age,* but this was not regarded by the court."

In the second case cited the plaintiff replied to a plea of the statute that he was abroad at the time of the making of the several promises in the declaration, viz., at A., in the kingdom of S., and that he had ever since been and still was abroad out of the kingdom. The replication was demurred to. In disposing of the demurrer, the court says "if the plaintiff is a foreigner (as it seems he is) and doth not come to England in fifty years, he still hath six years after his coming to England to bring his action, and if he never comes to England himself he has always a right of action while he lives abroad, and so have his executors or administrators after his death. An infant may sue before he comes of age if he pleases, but if he does not he has six years after he comes of age to bring his action. *While any of the disabilities mentioned in the statute of limitations continue, the party may but is not obliged to commence his action. The statute does not run while any of those disabilities continue."*

In view of the rule of statutory construction to which I have referred, we must accept these cases as settling the meaning to be given to that part of the fourth section of our statute of limitations which has been appealed to by the defendant. The attack upon the plaintiff's replication cannot be successfully maintained.

It is also insisted, upon behalf of the defendant, that the plaintiff's sur-rejoinder is demurrable; but before considering that pleading it is necessary to scrutinize the defendant's rejoinder, as that follows next in order after the replication. And upon doing so we find it fatally defective, in that the facts set forth in it constitute no answer to the plaintiff's replication. The situation developed by the pleadings is this:

The defendant, as an answer to the plaintiff's claim, says that the supposed causes of action mentioned in the declaration did not accrue *to the plaintiff* within six years next before the commencement of the suit; to this the plaintiff replies that she ought not to be barred by the lapse of time, because, at the time her cause of action accrued, she was, and ever since has been, insane. It will be perceived that the only issue raised by this pleading was, whether the plaintiff's insanity was a legal justification for her neglect to commence her action within six years. The defendant, in her rejoinder, instead of setting up facts to show that the lapse of six years after her cause of action accrued ought to bar the plaintiff notwithstanding her insanity, sets up that prior to the commencement of the suit the plaintiff had been judicially declared a lunatic; that one James Scott had been appointed her committee; that the causes of action mentioned in the replication (and they are the same as those mentioned in the declaration) accrued to him as such committee; *and that they none of them accrued to the plaintiff.* These facts are a denial of the existence of the causes of action set out in the plaintiff's declaration. They can be taken advantage of under the plea of general issue, but afford no ground for holding that the lunacy of the plaintiff, when set up as a bar to a plea of the statute of limitations, is not a good answer thereto. The rejoinder departs from the issue tendered by the plea of *actio non accrevit infra sex annos*, and must therefore be declared bad upon this demurrer.

The plaintiff is entitled to judgment on the demurrer.