.EDNA SMITH v. ANN E. FELTER, EXECUTRIX OF ANN
ELIZA HORTON.

Argued November 1, 1898—Decided February 27, 1899.

Where an agreement in writing, not under seal, is made, it is competent to
show by oral evidence that one or both of the contracting parties were
agents for other persons and acted as such agents in making the con-
tract, so as to give to the unnamed principals the benefit of the contract
on the one hand, or to charge them with liability on the other.

On rule to show cause why a new trial should not be
granted.

Before MAGIE, CHIEF JUSTICE, and Justices GARRISON
and. DIXON.

For the plaintiff, *William D. Edwards.*

For the defendant, *Charles L. Corbin.*

The opinion of the court was delivered by

DIXON, J.   At the Hudson Circuit the plaintiff, Edna
Smith, obtained a verdict against the executrix of Ann Eliza
Horton, upon the following writing:

" Memoranda made and entered into the 9th day of April,
1884, by and between Ann Eliza Horton, of Matawan, New
Jersey, of the one part, and James Scott, of Montgomery,
Orange county, N. Y., of the other part, as committee of
Edna Smith.

" That said Ann Eliza Horton agrees to pay to the said
James Scott within thirty days from this date $3,220 in good
and lawful money, and also to ship properly marked and
consigned to the said Scott at Montgomery, all personal
property in her possession or under her control belonging to
the said Edna Smith.

" The said James Scott as such committee agrees to accept said sum of $3,220, and the said personal property in full satisfaction of his claim as such committee of the said Edna Smith, and upon the receipt of said money and the said personal property to make and deliver to the said Ann Eliza Horton, a release in full of said claim.

(Signed) " ANN ELIZA HORTON.

" JAMES SCOTT, Committee.

". Witness :

"JOSEPH M. LEEPER."

The defendant seeks to set this verdict aside on two grounds, first, that the plaintiff had no right to sue on the contract, the agreement being made with Scott to pay Scott, and second, that on a demurrer in the case this court had already decided that the right of action belonged to Scott and not to the plaintiff.

There is reason for contending that on the face of this writing Edna Smith appears to be the real party contracting, but, aside from that, the testimony of Scott himself at the trial was to the effect that the entire consideration for the agreement belonged to the plaintiff, and that in making the contract he acted solely on her behalf. This brings the case within the principle laid down by Baron Parke in *Higgins* v. *Senior*, 8 *Mees. & W.* 834, 843, " that where an agreement (in writing, not under seal) is made, it is competent to show that one or both of the contracting parties were agents for other persons, and acted as such agents in making the contract, so as to give the benefit of the contract on the one hand, and charge with liability on the other, the unnamed principals; and this, whether the agreement be, or be not, required to be in writing by the statute of frauds ; and this evidence in no way contradicts the written agreement. It does not deny that it is binding on those whom, on the face of it, it purports to bind, but shows that it also binds another by reason that the act of the agent, in signing the agreement in pursuance of his authority, is in law the act of the principal." The same

doctrine is stated by Mr. Justice Bayley in *Sargent* v. *Morris*, 3 *B. & Ald.* 277, and by Chief Justice Denman in *Sims* v. *Bond*, 5 *B. & Ad.* 389; and the following cases were decided on the rule that the unnamed principal may sue on the contract: *Bateman* v. *Phillips*, 15 *East* 272; *Garrett* v. *Handley*, 4 *B. & C.* 664; *New Jersey Steam Navigation Co.* v. *Merchants' Bank*, 6 *How.* 344; *National Life Insurance Co.* v. *Allen*, 116 *Mass.* 398; *Nicoll* v. *Burke*, 78 *N. Y.* 581; *Kingsley* v. *Siebrecht*, 42 *Atl. Rep.* 249. See, also, *Story on Ag.*, § 396, and notes to *Thomson* v. *Davenport*, 2 *Smith Lead. Cas.* 425.

We therefore think the plaintiff was entitled to the action.

Our former decision in this case (32 *Vroom* 102) was not to the effect stated. There, it appeared that the defendant in his plea admitted, and in his rejoinder to a replication on that plea denied, that a right of action had accrued to the plaintiff. These averments were inconsistent, and on demurrer the court held that the rejoinder was a departure in pleading, and therefore bad. But the written contract was not before the court, and could not have been adjudged to be incapable of giving to the plaintiff a right of action.

The rule to show cause should be discharged.