**ROBINSON et al. v. UNITED STATES.**

**No. 816.**

District Court, W. D. New York.

Sept. 12, 1935.

Daniel J. O'Mara and Edmund Clynes, both of Rochester, N. Y., for plaintiffs.

George L. Grobe, of Buffalo, N. Y., and Joseph H. San, of New York City, for defendant.

RIPPEY, District Judge.

This action was commenced on May 13, 1932, by Clara Robinson, as guardian of Ronald W. Mowry, an infant; Flora B. LaRue, as guardian of Arlene E. Mowry, an infant, and Otis Aldrich, as guardian of Wilma L. Mowry, an infant, to recover on a war risk insurance policy issued to Thomas W. Mowry, father of said infants, and alleged to have been in force at the time of Mowry's death on January 3, 1923. The defendant appeared generally and answered to the merits on September 9, 1932, and thereby waived all procedural defects. Munro v. United States (D. C.) 10 F. Supp. 412. Upon the call of the case for trial, upon an oral agreed state of facts, defendant moved to be permitted to amend its answer so as to plead the six-year or one year statute of limitations and the fact that two of the infants did not file a claim, and, upon such amendment, to dismiss the complaint (1) on the ground that the action was not commenced within the time allowed by statute, and (2) that the infants Arlene and Wilma Mowry filed no claim and consequently there was no disagreement, which is a necessary preliminary to suit.

It is alleged that Thomas W. Mowry was honorably discharged in April, 1919, at which time he held the policy of insurance in question and in which the three infants were named beneficiaries; that, during his service, he contracted pulmonary tuberculosis which caused total and permanent disability which continued until his death; and that, because of such disability, he was entitled to monthly payments. On this motion such facts are assumed to be true. Therefore, the installments payable and uncollected, to the extent necessary, must be applied to payments of premiums, and the policy was in force at the time of his death (38 USCA § 516).

All three infants are properly joined as parties plaintiff (38 USCA § 445). There is no dispute as to the parties entitled to payment.

Under section 19 of chapter 320 of the Act of June 7, 1924, as amended (38 USCA § 445), suit must be commenced within six years after the right accrued for which claim is made, or within one year after July 3, 1930, whichever is the later date, provided (1) that it shall be deemed that the right accrued on the happening of the contingency on which the claim is founded; (2) that the limitation is suspended for the period elapsing between the filing in the bureau of the claim sued upon and the denial of said claim by the director; and (3) that infants, insane persons, incompetents, or persons under other legal disability shall have three years in which to bring suit after the removal of their disabilities.

■ The disability referred to in the case at bar is infancy, and none of the beneficiaries have arrived at the age of twenty-one years. The appointment of guardians does not affect this disability. Snare & Triest Co. v. Friedman (C. C. A.) 169 F. 1, 40 L. R. A. (N. S.) 367; Wolf v. United States (D. C.) 10 F. Supp. 899. Thus, the three-year limitation has not commenced to run. The right accrued on the date of death of Thomas W. Mowry, which occurred on January 3, 1923. If the one year limitation or the six-year limitation applies, the suit was not commenced in time. The claim of Ronald W. Mowry was filed on May 13, 1931. The director denied the claim on March 18, 1932. The period between May 13, 1931, and July 3, 1931, should be added to either limitation period. There should also be added a period of three days from the date when the notice of denial was made and its receipt by the claimant at Manchester, N. Y., for transmission through the mails. Thus, if the six-year or one year limitation period applies, the infant, having elected to sue during minority and solely for the purposes of this action, must have commenced his action within six years and sixty-one days from January 3, 1923, or prior to March 6, 1929, or within one year and sixty-one days after July 3, 1930, or prior to September 1, 1931. Under the statute, the latter date applies, as it is the later date.

■ In the case of infants, however, an action may be brought at any time within three years after the infant arrives at the age of twenty-one years. The minor has the entire period of minority plus three years thereafter within which to bring the action, and this action has been brought in time. Carson v. Jackson, 52 App. D. C. 51, 281 F. 411; Snare & Triest Co. v. Friedman (C. C. A.) 169 F. 1, 40 L. R. A. (N. S.) 367; Wolf v. United States (D. C.) 10 F. Supp. 899.

■ There is no point to the claim that the action cannot be maintained by the infants Wilma L. Mowry and Arlene E. Mowry on the ground that they filed no claims. The government, having denied the claim of Ronald W. Mowry on the merits, is estopped to assert that no claim was filed on the risk and denied. Hunnewell v. United States (D. C.) 2 F. Supp. 389.

It thus appearing that neither of the alleged defenses would be available to defendant, if pleaded, the motion to amend is denied, and the case is set down for trial October 1, 1935.

So ordered.