**UNITED STATES v. BELL et al.**

No. 3965.

Circuit Court of Appeals, Fourth Circuit.

Dec. 6, 1935.

Wilbur C. Pickett, Sp. Asst. to Atty. Gen. (Marcus Erwin, U. S. Atty., of Asheville, N. C., Will G. Beardslee, Director, Bureau of War Risk Litigation, of Washington, D. C., Randolph C. Shaw, Sp. Asst. to Atty. Gen., and W. Clifton Stone, of Washington, D. C., Atty., Department

of Justice, on the brief), for the United States.

George H. Ward, of Asheville, N. C. (G. Lyle Jones and Jones & Ward, all of Asheville, N. C., on the brief), for appellees.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PER CURIAM.

This is an appeal in a war risk insurance case in which jury trial was waived and the court below found the facts and entered judgment for the plaintiff. No question is raised on the merits; but the government contends that there was neither allegation nor proof of disagreement between plaintiff and the Director of the Bureau of War Risk Insurance as required by act of Congress as prerequisite to jurisdiction to entertain the cause (World War Veterans' Act 1924, § 19, as amended by Act July 3, 1930, 38 U.S.C.A. § 445). The court held that the failure of the Director to pass upon the claim within a reasonable time amounted to a disagreement within the meaning of the act, and that the court had jurisdiction notwithstanding there was no written refusal of the claim. In this we think there was error. The act (World War Veterans' Act of 1924, § 19, as amended by Act July 3, 1930, 38 U.S.C.A. § 445) provides that disagreement "means a denial of the claim by the director or some one acting in his name on an appeal to the director," and manifestly mere failure to pass upon the claim is not a disagreement within this definition. Until Congress shall amend the act, the only remedy in such case is mandamus in the Supreme Court of the District of Columbia to compel the Director to pass upon the claim and either allow or disallow it. See Smith v. United States (C.C.A.4th) 57 F.(2d) 998; United States v. Nicholson (C.C.A.) 78 F.(2d) 468, at pages 470 and 471.

The judgment appealed from will be reversed and the cause will be remanded to the court below, with direction to dismiss the petition for lack of jurisdiction. This, however, will be without prejudice to the right of the plaintiff to institute another suit on the policy when a proper disagreement within the meaning of the act has been obtained.

We feel that we should add that upon the record before us nothing appears which would justify the delay in passing upon the claim in this case; and the only reason that the judgment against the government is not affirmed is that we feel that Congress has withheld from the courts jurisdiction to entertain the cause in the absence of disagreement.

Reversed.