## SHAMBEGIAN v. UNITED STATES.
### No. 2814.

District Court, D. Rhode Island.
March 13, 1936.

James B. Littlefield, of Providence, R. I. (Littlefield, Otis & Knowles, of Providence, R. I., of counsel), for plaintiff.

J. Howard McGrath, U. S. Atty., of Providence, R. I., and William J. Hession and Timothy A. Curtin, both of Boston, Mass., Attys. for Department of Justice, for the United States.

MAHONEY, District Judge.

This is an action in which the plaintiff, by Andras S. Yaghjian, as guardian of his property and estate and as his next friend, seeks to recover judgment for the total permanent disability payments under a war risk insurance policy.

The petition alleges that the plaintiff, Citrak Shambegian, enlisted in the army of the United States on July 18, 1919, and that on July 22, 1919, there was issued to him a contract of war risk insurance in the amount of $10,000, providing for the payment of $10,000 to his beneficiary in case of his death, or $57.50 each month to said plaintiff in case of his permanent total disability.

It further alleges that said plaintiff was honorably discharged on a certificate of disability June 17, 1921; that at the time of his said discharge said insurance was in full force by reason of the payments of the premiums; that said policy, during the service of said plaintiff in the army and prior to July 1, 1921, matured by reason of his permanent and total disability; that his permanent and total disability was founded upon neurasthenia, insanity, dementia præcox, paranoid type, industrial and social incapacity, incompetency and other disabilities; and that there is a disagreement with the Veterans' Bureau in respect to said plaintiff's rights under said contract of insurance, said plaintiff's claim having been denied by the Veterans' Administration on or about June 21, 1935, as is provided in section 19 of the World War Veterans' Act of 1924, as amended July 3, 1930 (38 U.S.C.A. § 445). Action was commenced by the filing of the petition October 17, 1935.

The defendant has moved that the petition be dismissed for the following reasons:

"1. That at the time suit was instituted by petition filed October 17, 1935, no valid disagreement as required by Section 445 [title 38], United States Code [38 U.S.C.A. § 445], existed as the claim was pending on appeal to the Administrator of Veterans Affairs and had not been denied by him.

"2. That this suit was not timely instituted within the time limitations as set

forth in Section 445 [title 38], United States Code [38 U.S.C.A. § 445]."

The first reason advanced by the defendant is without effect. Clause 5 of the petition sets forth that "Said plaintiff duly presented to the defendant his claim under said contract of insurance, but said defendant has disagreed with him as to said claim, the plaintiff's claim having been denied by the Veterans' Administration on behalf of the defendant on or about June 21, 1935 (as is provided in section 19 of the World War Veterans Act, as amended July 3, 1930 [38 U.S.C.A. § 445])."

It thus appears on the face of the petition that a valid disagreement as required by the statute existed at the time the petition was filed.

■ The second reason presents a more serious question. Under the provisions of section 19 of the World War Veterans' Act of 1924, as amended July 3, 1930 (38 U.S.C.A. § 445), actions on a policy must be commenced within six years after the right accrued for which this claim is made, or within one year after July 3, 1930, whichever is the later date, with this proviso, namely: "Infants, insane persons, or persons under other legal disability, or persons rated as incompetent or insane by the Bureau shall have three years in which to bring suit after the removal of their disabilities."

By virtue of this proviso, the statute does not begin to run, as the plaintiff comes within the exception in favor of insane persons. The insane person has three years within which to bring suit after the removal of his disability. This is the saving clause within the statute. 28 Corpus Juris, § 439, p. 1254. The appointment of a guardian is not such a removal of disability that it operates to start the statute of limitations running against the insane person. The American Law of Guardianship: Woerner; Wolf, as Committee of Samuel Kornman, an incompetent, v. United States of America (D.C.) 10 F.Supp. 899, and cases cited.

In Bourne v. Hall, 10 R.I. 139, 152, the court says: "The defendant pleads or sets up in his answer the statute of limitations and the statute of possessions, he having been in possession of said farm, claiming it as his own, for more than twenty years. We deem it a sufficient reply to these pleas that the said Williams was non compos mentis, and, as such, was, by express exception, not within the operation of either of said statutes. The fact that he had guardians who might have sued for him does not in our opinion qualify the privilege which is conferred upon him by the exceptions in those statutes, there being no words in either statute which import that the privilege is to be subject to any such qualification."

■ A guardian has no authority to waive any right of his ward. Slepkow v. McSoley et al. (R.I.) 172 A. 328.

Harris v. United States (D.C.) 5 F.Supp. 368, 369, is a case wherein the plaintiff, an insane person, brought his action on a yearly renewable war risk term insurance policy in the sum of $10,000 for total and permanent disability benefits. The complaint was filed June 23, 1933. A demurrer to the complaint was sustained on the ground that there was no allegation of proof of disagreement in respect to the claim and the Veterans' Bureau. But the court said, in its consideration of the proviso above referred to in the instant case, that "Consent to sue the United States then having been authorized by Congress and the period of limitation within which suit may be brought being prescribed, and exempting therefrom insane persons whose disability had not been removed, it is obvious that an insane person, through his guardian, may bring suit upon a policy at any time after the right has accrued and while he remains insane."

It appears by the petition that there has been no removal of the disability. The plaintiff's cause of action is within the terms of the proviso of the statute.

The motion to dismiss is denied.