## VICCIONI v. UNITED STATES.
### No. 2715.

District Court, D. Rhode Island.
March 13, 1936.

James B. Littlefield, of Providence, R. I. (Littlefield, Otis & Knowles, of Providence, R. I., of counsel), for plaintiff.

J. Howard McGrath, U. S. Atty., of Providence, R. I., and William J. Hession and Timothy A. Curtin, both of Boston, Mass., Attys. for Department of Justice, for the United States.

MAHONEY, District Judge.

This is an action in which the plaintiff, by Spencer H. Over, as guardian of his property and estate, and as his next friend, seeks to recover judgment for total permanent disability payments, under a war risk insurance policy.

The petition alleges that the plaintiff enlisted in the army of the United States on June 14, 1917; that he was honorably discharged on a surgeon's certificate of disability on October 16, 1919; and that there was issued to him prior to October 16, 1919, during his service a contract of war risk insurance in the amount of $10,000 providing for the payment of $10,000 to his beneficiary in case of his death, or $57.50 each month to said plaintiff in case of his permanent and total disability.

It further alleges that the defendant deducted and retained from plaintiff's pay each month $7 as a premium on said insurance and said insurance was in full force by reason of said payment at the time of said discharge; that said policy, during the service of said plaintiff in the army and prior to October 16, 1919, matured by reason of his permanent and total "disability," as he was then suffering from the following disabilities which rendered it and have ever since rendered it impossible for him to follow continuously any substantially gainful occupation, which disabilities were and are founded upon conditions which rendered and render it reasonably certain that they would and will continue throughout his life: "Gastritis chronic acute catarrhal, acute bronchitis, tonsilitis chronic, ulcers of stomach, appendicitis chronic, enteroptosis left, chronic, pulmonary tuberculosis, neurasthenia, psychoneurosis severe, industrial and social incapacity, incompetency and other disabilities," and that said defendant has disagreed with said plaintiff as to his claim which had been presented under said contract of insurance, said claim having been denied by the United States Veterans' Administration on behalf of said defendant on or about October 14, 1931, as is provided in section 19 of the World War Veterans' Act, as amended July 30, 1930 (38 U.S.C.A. § 445). Action was commenced by the filing of the petition September 26, 1934.

The defendant has moved that the action be dismissed on the following grounds: "That suit is barred because of the limitations contained in Section 19, World War Veterans' Act, as amended (Section 445, Title 38, U.S.C.A.)."

It appears on the face of the petition that the plaintiff is under a legal disability. The cause of action is within the terms of the proviso contained in said statute. The authorities and reasoning set forth in the decision in the case entitled, Citrak Shambegian v. United States (D.C.) 14 F.Supp. 93, support this determination.

The motion to dismiss is denied.