### JOHNSON v. UNITED STATES.
### No. 10716.

Circuit Court of Appeals, Eighth Circuit.
Feb. 18, 1937.

Peter S. Rask, of Minneapolis, Minn., for appellant.

Russell C. Rosenquest, Asst. U. S. Atty., of St. Paul, Minn. (George F. Sullivan, U. S. Atty., of St. Paul, Minn., Julius C. Martin, Director, Bureau of War Risk Litigation, of Washington, D. C., and Wilbur C. Pickett and Fendall Marbury, Sp. Assts. to the Atty. Gen., on the brief), for the United States.

Before GARDNER, THOMAS, and FARIS, Circuit Judges.

THOMAS, Circuit Judge.

This is an appeal from a final judgment of the lower court dismissing an action brought by the guardian of an insane soldier upon a policy of war risk insurance.

In the trial court the government moved to dismiss the action and for judgment in its favor upon the ground that the court "is without jurisdiction to hear or entertain the * * * action in that said action was not commenced within six years after the alleged accrual of the contingency sued upon nor within one year after July 3, 1930, nor within the suspension of limitation contained in section 19 of the World War Veterans' Act of 1924, as amended (section 445, title 38 U.S.C.A.)."

The motion was sustained, and the judgment of dismissal from which this appeal is taken was thereupon entered.

The facts are admitted. Christ A. Johnson, the insured, became totally and permanently disabled by reason of insanity in the month of May, 1919, while the policy was in force and effect. He has ever since remained disabled and insane. He was adjudicated insane by the probate court of Bottineau county, N. D., on February 28, 1921; and he was rated incompetent by the Veterans' Bureau April 27, 1921. Peter S. Rask was appointed his guardian, as successor to a preceding guardian, by the probate court of Hennepin county, Minn., March 10, 1931. On October 5, 1931, a claim for insurance benefits was filed by the guardian in the Veterans' Bureau, which was denied October 30, 1935; and this suit was filed November 4, 1935. That a disagreement existed between the appellant and appellee is admitted.

Both parties rely upon section 19 of the World War Veterans' Act of 1924, as amended July 3, 1930, 38 U.S.C. 445 (38 U.S.C.A. § 445). The pertinent part of this section reads as follows:

"In the event of disagreement as to claim * * * under a contract of insurance between the Veterans' Administration and any person or persons claiming thereunder an action * * * may be brought against the United States * * * in the district court of the United States in and for the district in which such persons or any one of them resides, and jurisdiction is hereby conferred upon such courts to hear and determine all such controversies. * * *

"No suit on yearly renewable term insurance shall be allowed under this section unless the same shall have been brought within six years after the right accrued for which the claim is made or within one year after July 3, 1930, whichever is the later date. * * * Provided, That for the purposes of this section it shall be deemed that the right accrued on the happening of the contingency on which the claim is founded: Provided further, That this limitation is suspended for the period elapsing between the filing in the Veterans' Administration of the claim sued upon and the denial of said claim by the Administrator of Veterans' Affairs. Infants, insane persons, or persons under other legal disability, or persons rated as incompetent or insane by the Veterans' Administration shall have three years in which to bring suit after the removal of their disabilities."

It is obvious that the suit was not commenced within the six-year period provided in the statute nor within one year after July 3, 1930, which date under the facts is the later date. The appellant must therefore rely for his right to maintain the suit upon the last sentence of that part of the statute quoted above, providing that, "Infants, insane persons * * * or persons rated as incompetent or insane by the Veterans' Administration shall have three years in which to bring suit after removal of their disabilities."

It is the contention of the government that the court does not have jurisdiction of an action under the statute upon a war risk insurance policy brought by the guardian of an insane person after the expiration of the six-year period or after July 3, 1931, whichever is later, during which period suits may be maintained by persons of sound mind. It is contended that, after that period of limitation expires, the court has jurisdiction only to entertain such suit when brought by the insane person himself within the three-year period following the removal of his disability.

It will be observed that, strictly speaking, the question raised is not one of jurisdiction, but the question to be determined is whether under the facts this action can at this time be maintained on behalf of the insane soldier by his legal guardian. In the very first sentence of that part of the statute quoted above the government consents to be sued and confers jurisdiction upon the District Court "to hear and determine" the controversy. Neither is it denied that the right of action exists. It is also admitted that the right of action may be enforced by a guardian of an insane person during the six-year period of limitation. The gist of the contention is that, because of the language of the statute, when construed as appellee contends it must be, the right to enforce the claim of an insane person is suspended after the six-year period expires until his disability is removed.

■ It is clear, therefore, that the only question here for determination is the proper construction of the statute. Upon this question the government contends, in the first place, that the rule of strict construction must be applied. In support of this proposition it relies upon the principle that the sovereignty of the United States raises a presumption against its suability, and that such a suit cannot be maintained in any case not clearly within the terms of the statute by which consent to be sued is given. Applying this principle, it is insisted that the statute providing that insane persons "shall have three years in which to bring suit after the removal of their disabilities" limits the right to enforce their claims to such persons themselves and excludes suits by guardians during disability. Appellee relies upon Schillinger v. United States, 155 U.S. 163, 15 S.Ct. 85, 39 L.Ed. 108; Price v. United States and Osage Indians, 174 U.S. 373, 19 S.Ct. 765, 43 L. Ed. 1011; Blamberg Bros. v. United States, 260 U.S. 452, 43 S.Ct. 179, 67 L. Ed. 346; and United States v. Michel, 282 U.S. 656, 51 S.Ct. 284, 75 L.Ed. 598. These cases do not assist us in interpreting the statute before us. They present instances in which a particular right of action never came into existence, or, having come into existence, was afterwards extinguished. In the construction of this statute, as in the construction of statutes generally, the courts seek to determine only the intent of the Legislature. Ebert v. Poston, 266 U.S. 548, 554, 45 S.Ct. 188, 69 L.Ed. 435; Business Men's Assur. Co. v. Campbell (C.C.A.8) 18 F.(2d) 223, 225; Baxter v. McGee (C.C.A.8) 82 F.(2d) 695.

The language of the statute continues the right of action of insane persons in existence for a period of three years after the removal of their disability. It does not expressly exclude an action to enforce that right by a guardian. The language of this statute does not differ materially from that found in the historic Statute of James, 21 Jac. 1, c. 16, which provides: "That if any person entitled to bring any of the personal actions therein mentioned, shall be 'at the time of any such cause of action given or accrued,' within the age of twenty-one years, feme covert, non compos mentis, imprisoned or beyond the seas, such person shall be at liberty to bring the same actions within the times limited by the statute, after his disability has terminated."

■ This statute is the foundation of all statutes of limitations in this country containing provisos in favor of persons laboring under disability, McDonald v. Hovey, 110 U.S. 619, 621, 4 S.Ct. 142, 28 L.Ed. 269; and it has been generally held under such statutes that the insane person may maintain an action by his guardian at any time during the continuance of his disability, Smith v. Felter, 61 N.J.Law, 102, 105, 38 A. 746; Snare & Triest Co. v.

Friedman (C.C.A.3) 169 F. 1, 6, 40 L.R.A. (N.S.) 367; Hill v. Goodman, 1 Woodw. Dec.(Pa.) 207; Fassitt v. Seip, 249 Pa. 576, 95 A. 273, 6 A.L.R. 1671; DeCosta v. Ye Craftsman Studio, Inc., 278 Mass. 315, 180 N.E. 151, 153; Carson v. Jackson, 52 App. D.C. 51, 281 F. 411; Finney v. Speed, 71 Miss. 32, 14 So. 465; Brown v. Midland Nat. Bank (Tex.Civ.App.) 268 S.W. 226. In the DeCosta Case, supra, the statute provided that, if the person having the claim were a minor, "the action may be commenced within one year after the disability is removed." The statute of limitations was one year, and the action was begun after the expiration of the one-year period and before the disability was removed. The same objection to the right to maintain the action urged upon us here was interposed by the defendant. In disposing of the objection, Chief Justice Rugg, speaking for the court, said:

"The second point urged in behalf of the defendant is that, since one year elapsed after the cause of action accrued without suing out the writ, the plaintiff cannot now bring this writ, but must wait until the disability of minority is removed. That contention is based upon a highly technical and impractical interpretation of G.L. c. 260, § 7, already quoted. That section was manifestly enacted for the benefit of the minor. The general policy of the law is that causes of action ought to be tried in courts before the evidence is lost and while memory is fresh. It would be strangely lacking in common sense to compel an infant to wait helpless and without possibility of redress for his grievances during the period between the expiration of the limitation barring actions by those of full age and of sound mind and the time of reaching his majority. Such a meaning would not be adopted unless compelled by statutory language of unmistakable import. The reasonable construction of the section is that action may be maintained by the minor at any time before it is finally barred. That is the conclusion reached by all courts, so far as we are aware, where the question has been raised. Chandler v. Vilett, 2 Saund. (6th Ed. [1845] by Edward Vaughan Williams) 120, 121a, 121b; Forbes v. Smith, 11 Exch. 161; Carson v. Jackson, 52 App.D.C. 51, 281 F. 411; Snare & Triest Co. v. Friedman, 169 F. 1, 94 C.C.A. 369, 40 L.R.A.(N.S.) 367; Hopkins v. Virgin, 11 Bush (Ky.) 677;

Whirley v. Whiteman, 1 Head (38 Tenn.) 610, 616; Smith v. Felter, 61 N.J.Law, 102, 104, 38 A. 746."

The reasoning of Chief Justice Rugg applies with equal force to the instant case. The contention of appellee calls for a highly technical construction of the statute, and one that in our opinion Congress did not intend. Our conclusion is supported by several authorities. See Wolf v. United States (D.C.N.Y.) 10 F.Supp. 899; Robinson v. United States (D.C.N.Y.) 12 F.Supp. 160; Shambegian v. United States (D.C. R.I.) 14 F.Supp. 93; Viccioni v. United States (D.C.R.I.) 14 F.Supp. 95; United States v. Lund (C.C.A.7) 76 F.(2d) 723.

We conclude that the federal statute does not preclude Johnson, the insane appellant, from maintaining this action by his guardian without waiting until his disability is removed. It remains only to consider whether under the laws of Minnesota (1) a guardian may maintain an action on behalf of his ward and (2), if so, whether such right of action belongs to the guardian or to the ward, because, if to the guardian, it may be subject to the six-year period of limitation.

The first point is settled by the statute. 3 Mason's Minnesota Statutes Supp. 1936, § 8992-135, provides that "a general guardian of the estate shall * * * possess and manage the estate, collect all debts and claims in favor of the ward." The guardian may under this statute maintain a suit to collect a debt or claim due his ward.

It is equally clear that the right of action is in the insane person, and not his guardian, under the Minnesota law; so that the statute of limitations does not run against an action brought by the guardian. The Supreme Court of Minnesota has held that under the laws of that state, as under the common law, the guardian of an incompetent takes no legal estate in the property of his ward. Pflaum v. Babb, 86 Minn. 395, 90 N.W. 1051, 1052; Perine v. Grand Lodge, A. O. U. W., 48 Minn. 82, 50 N.W. 1022. See, also, Martin v. First Nat. Bank of Rush City (D.C.Minn.) 51 F.(2d) 840, 844, 845.

For the foregoing reasons the judgment appealed from is reversed, and the case is remanded to the District Court, with instructions to grant a new trial.

Reversed.