**JENSEN v. UNITED STATES.**
No. 992.

District Court, D. Idaho, E. D.
June 9, 1937.

Ben B. Johnson, of Preston, Idaho, and Hawley & Worthwine, of Boise, Idaho, for plaintiff.

John A. Carver, U. S. Dist. Atty., and E. H. Casterlin and Frank Griffin, Asst. U. S. Dist. Attys., all of Boise, Idaho, for defendant.

CAVANAH, District Judge.

This action was brought December 18, 1936, for a recovery upon a policy of insurance issued while Bennie Jensen was in the military service.

On April 9, 1929, the insured was adjudged an incompetent person by the probate court of Franklin county, Idaho, and the plaintiff C. L. Greaves was appointed as his guardian. On May 20, 1931, plaintiff demanded of the defendant, United States, the benefits of the contract of insurance, and at the time filed with the United States Veterans' Bureau a claim for the insurance which was denied August 10, 1936, by the administrator of the Veterans' Affairs, acting through his board of Veterans' Appeals, and notice thereof was mailed on that day.

The sole question now presented on the demurrer of the defendant is as to whether plaintiff is barred in bringing the action for failure to institute it within ninety days from the date of the denial of the claim on August 10, 1936, as provided in the amended Act of June 29, 1936, § 404, 38 U.S.C.A. § 445d, and whether the time to bring the action is governed by section 445, title 38 U.S.C.A. The provisions of these statutes are: Section 445, "Infants, insane persons, or persons under other legal disability, or persons rated as incompetent or insane by the Veterans' Administration shall have three years in which to bring suit after the removal of their disabilities."

Section 445d of 38 U.S.C.A., section 404 of the Act of June 29, 1936 provides: "In addition to the suspension of the limitation for the period elapsing between the filing in the Veterans' Administration of the claim under contract of insurance and the denial thereof by the Administrator of Veterans' Affairs or someone acting in his name, the claimant shall have ninety days from the date of the mailing of notice of such denial within which to file suit."

It will be observed from section 445 that incompetent persons holding insurance contracts with the United States shall have three years in which to bring suit, after removal of their disability. While under section 445d of the amended act additional time of ninety days within which to file suit is granted to those who are not infants, insane persons, or under other legal disability, or rated as incompetent, or insane by the Veterans' Administration, and the amended act was not intended to, nor does it take away the right of the insane person to institute his suit at any time within three years of the removal of his disability. The mere filing of the demand by a guardian is nothing more than a proceeding necessary to give the court jurisdiction and does not take away the right of the insane person granted by section 445 to institute suit within three years after the removal of his disability. As was said in the case of Shambegian v. United States (D.C.) 14 F.Supp. 93, 94, "A guardian has no authority to waive any right of his ward." And when in further construing section 445, 38 U.S.C.A., the court there said, "The appointment of a guardian is not such a removal of disability that it operates to start the statute of limitations running against the insane person." The same conclusion was reached by this court when in construing section 445, 38 U.S.C.A., where it was said: "Consent to sue the United States then having been authorized by Congress and the period of limitation within which suit may be brought being prescribed, and exempting therefrom insane persons whose disability had not been removed, it is obvious that an insane person, through his guardian, may bring suit upon the policy at any time after the

right has accrued and while he remains insane." Harris v. United States (D.C.) 5 F. Supp. 368, 369; Viccioni v. United States (D.C.) 14 F.Supp. 95; Wolf v. United States 10 F.Supp. 899; Robinson v. United States (D.C.) 12 F.Supp. 160.

Attention is called to the decision of the District Court for the Western District of Tennessee in the case of Coleman, Administrator, v. United States, 18 F.Supp. 71, but the case is not applicable here because it involved the action of the administrator and not of the insane person, or the guardian of the insane person.

In view of the reason thus given, the demurrer will be overruled and defendant given thirty days in which to answer.