## PORTLAND TRUST & SAVINGS BANK v. UNITED STATES.

### No. L–12909.

District Court, D. Oregon.
Oct. 3, 1938.

Barge E. Leonard and Dorothy McCullough Lee, both of Portland, Or., for plaintiff.

Carl C. Donaugh, U. S. Atty., and G. J. Meindl, Atty., Department of Justice, both of Portland, Or., for the United States.

JAMES ALGER FEE, District Judge.

Plaintiff as the guardian of Frank M. DeLin filed a complaint alleging permanent and total disability of DeLin by reason of insanity within the life of a policy of war risk insurance and sought recovery on the contract. Defendant set up by answer a general denial and two affirmative defenses, res adjudicata by previous dismissal of a like action and lack of jurisdiction.

At a preliminary hearing under Rule 12, Subdivision (f) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c,* the attorney for the Veterans' Administration confessed that the first affirmative defense could not be maintained.

In the second affirmative defense it is alleged that plaintiff filed claim for DeLin May 28, 1929, and this claim was finally denied July 20, 1931. It was admitted that DeLin from October 28, 1924, to the present time has been rated as incompetent and insane by the Veterans' Administration.

The question as to whether the court had jurisdiction is thus presented. The statute reads:

"In the event of disagreement as to claim, including claim for refund of premiums, under a contract of insurance between the Veterans' Administration and any person or persons claiming thereunder an action on the claim may be brought against the United States either in the district court of the United States for the District of Columbia or in the district court of the United States in and for the district in which such persons or any of them resides, and jurisdiction is hereby conferred upon such courts to hear and determine all such controversies. * * *

"No suit on yearly renewable term insurance shall be allowed under this section unless the same shall have been brought within six years after the right accrued for which the claim is made or within one year after July 3, 1930, whichever is the later date, and no suit on United States Government life (converted) insurance shall be allowed under this section unless the same shall have been brought within six years after the right accrued for which the claim is made: Provided, That for the purposes of this section it shall be deemed that the right accrued on the happening of the contingency on which the claim is founded: Provided further, That this limitation is suspended for the period elapsing between the filing in the Veterans' Administration of the claim sued upon and the denial of said claim by the Administrator of Veterans' Affairs. Infants, insane persons, or persons under other legal disability, or persons rated as incompetent or insane by the Veterans' Administration shall have three years in which to bring suit after the removal of their disabilities." Title 38 U.S.C.A. § 445.

■ The sovereignty of the United States insures immunity to suit without consent. Actions for breach of stipulations of policies of war risk insurance can be brought, therefore, solely by virtue of the enactment above quoted. Thus, a "disagreement" is a jurisdictional prerequisite.[1] By a parity of reasoning, the limits of time prescribed for bringing action by the respective classes of claimholders are conditions on the consent of the sovereign, rather than statutes of repose.[2] While the statute of consent is to be strictly construed[3] in favor of the

---

* All reference to Rules in the opinion designate "Rules of Civil Procedure for the District Courts of the United States" adopted by the Supreme Court of the United States pursuant to the Act of June 19, 1934, Ch. 651, 28 U.S.C.A. §§ 723b, 723c.

1 Straw v. United States, 9 Cir., 62 F.2d 757; United States v. Bell, 4 Cir., 80 F.2d 516; Egan v. United States, 7 Cir., 80 F.2d 404.

2 The heavy weight of authority supports the better view that suit brought within the time limits set by the act is a condition precedent to jurisdiction. Miller v. United States, 57 F.2d 889, 890, D.C.; Lynch v. United States, 5 Cir., 80

F.2d 418; See Walton v. United States, 8 Cir., 73 F.2d 15, 17; Contra Munro v. United States, D.C., 10 F.Supp. 412. It must be noted that the act in question (38 U.S.C.A. § 445) contains the language "Judgments heretofore rendered against the person or persons claiming under the contract of war-risk insurance on the ground that the claim was barred by the statute of limitations shall not be a bar to the institution of another suit on the same claim", but this does not necessarily mean that the time limitation is not also jurisdictional.

3 United States v. Michel, 282 U.S. 656, 51 S.Ct. 284, 75 L.Ed. 598; Eastern Transportation Company v. United States, 272 U.S. 675, 47 S.Ct. 289, 71 L.Ed. 472.

United States, precaution should be used not to violate an obvious purpose of the Congress by a too rigid application of that canon of construction.[4]

Under the language of the act, De-Lin is the "person" "claiming" "under a contract of insurance". Neither by virtue of DeLin's agreement with the United States nor under the statute governing the appointment of the guardian,[5] had the latter any right or claim under the contract. The latter is a simple conservator of the estate of the ward. If, then, the action were not founded upon the "claim" of DeLin, the Portland Trust and Savings Bank could not bring such a proceeding, because the latter has no "claim" under the contract of insurance. The Congress, in dealing with contracts of war risk insurance has taken special care of insane persons who held such agreements. This intention pervades all this legislation. Public policy reflected in acts of Congress relating to veterans holding valid contracts of war risk insurance reveals that absolute protection during the lives of those who became permanently and totally disabled was intended. Particular solicitude is shown to shield the living, incompetent veteran, from the neglect or criminality of his guardian.[6] The difficulties of an insane veteran, not only in supervising the conduct of litigation, but also in giving information and testifying[7] even though represented by a guardian, supply the motivating force for this special dispensation. Authority is generally vested in a guardian to bring action on a claim owned by the ward. This is the case in Oregon. (See note 5) Federal courts have recognized this power of the guardian to sue on the claim of the ward in war risk insurance cases.[8] But unless pursued to judgment, no prejudice to the right of the veteran himself to sue when in full possession of the sources of evidence to support his claim and the power of marshalling the facts was intended. To permit the guardian by mere inaction to destroy a contractual claim for the veteran's benefit while the latter was not in possession of his faculties can not have been in contemplation.

The clogs upon the consent of the sovereign apply to the owner of the claim. An administrator of the estate of the deceased veteran is the claimant. Therefore, if one of the distributees of the estate were an infant or an insane person, still the administrator would be required to sue within the time limit set for other claimants.[9] This distinction between the guardian of an insane veteran and an administrator of a deceased veteran's estate is logically sound. Furthermore, the necessity for absolute protection is dissipated with considerable justice in proportion to the distance from the primary object of care.[10] These considerations lead to the conclusion that whatever limitations were imposed as to others, the Congress, as to insane persons, conditioned the consent of the United States to be sued in one particular only. An insane person who claims under a policy is entitled to bring action thereon provided he initiate proceeding

---

4 United States v. Lund, 7 Cir., 76 F. 2d 723, 724.

5 The county courts have power to "appoint guardians to take care, custody, and management of the estates, real and personal, * * *." Sec. 11-1310 Oregon Code Annotated, and guardians so appointed shall have "the management of all" the estate of a ward. Sec. 11-1312 Oregon Code Annotated. While the point has not been directly passed upon, it is clear that the title of the property, including claims for breach of contract, is in the ward. California Life Insurance Co. v. Marsters, 145 Or. 640, 28 P.2d 233, 878; See Simmons v. Zarthas, 99 Or. 476, 195 P. 157.

6 38 U.S.C.A. §§ 450, 451, 454, 501b and 556. See Spicer v. Smith, 288 U. S. 430, 431, 432, 53 S.Ct. 415, 77 L.Ed. 875, 84 A.L.R. 1525.

7 See Wolf v. United States, D.C., 10 F.Supp. 899, 900.

8 Wolf v. United States, supra; United States v. Earwood, 5 Cir., 71 F.2d 507; Earwood v. United States, 294 U. S. 695, 55 S.Ct. 51, 79 L.Ed. 1233; Johnson v. United States, 8 Cir., 87 F.2d 940, 109 A.L.R. 949; United States v. Edith L. Stevenson, Guardian of George L. Stevenson, 9 Cir., 79 F.2d 788; See Smith, J. C. Jensen, Guardian of Harry Scott Underwood, v. United States, 56 F.2d 636, D.C.

9 Ballenger v. United States, D.C., 11 F.Supp. 911.

10 See Dowell v. United States, 5 Cir., 86 F.2d 120; Smallwood v. United States, 4 Cir., 91 F.2d 287; But see Robinson v. United States, D.C., 12 F.Supp. 160.

956

within three years after removal of his disabilities, whether in the meantime he has been under guardianship or not.

This construction of the language of the act gains support from opinions which reach a like result while viewing the enactment as a statute of limitations. The defense interposed in this case may also be interpreted as a plea of this type. In view of the conflict of authority as to whether the statute relates to jurisdiction or limitation, this affirmative defense will now be determined upon the facts. It has been stipulated in the case that: "E. Teresa McNeal was appointed guardian of the insured, Frank M. DeLin, by the Probate Division of the Circuit Court of the State of Oregon for the County of Multnomah on October 28, 1924; and it being further stipulated that the Portland Trust and Savings Bank, a corporation, succeeded said E. Teresa McNeal as guardian by the appointment of the said Court on May 24, 1927, and that since said date said Portland Trust and Savings Bank, a corporation, has been the qualified and acting guardian of the person and estate of the said Frank M. DeLin."

By a unanimity of opinion, federal courts have held that if the controlling enactment be a statute of limitations, an action by an insane person by his guardian or in proper person will not be barred until after the lapse of three years from the time his disabilities are removed.[11] The appointment of a guardian does not set aside the disability of the insane person.[12] Nor does this circumstance put into operation the limitations imposed as to claimants without such disability. No revolutionary innovation in legal theory is propounded by these decisions, but rather a conformity to established construction of statutes of limitation from Jacobean times to the present.[13]

The stipulated facts do not support the thesis that this action is barred. An order will be entered, finding that the action was commenced in time, that the court has jurisdiction, and that the defenses of lack of jurisdiction and lapse of the statute of limitations are not available to the government.

---

[11] Johnson v. United States, 8 Cir., 87 F.2d 940, 109 A.L.R. 949; United States v. Lund, supra; Wolf v. United States, supra; Viccioni v. United States, D.C., 14 F.Supp. 95; Holm v. United States, D.C., 15 F.Supp. 662; Jensen v. United States, D.C., 19 F.Supp. 494; See Note, 112 A.L.R. 1137–1139.

[12] Wolf v. United States, supra, where it is pointed out that such a doctrine is applied generally by the courts in construing statutes of limitation. See Funk v. Wingert, 134 Md. 523, 107 A. 345, 6 A.L.R. 1686. See Note, 6 A.L.R. 1689.

[13] In Johnson v. United States, supra, 87 F.2d 942, it is said: "The language of this statute [38 U.S.C.A. § 445] does not differ materially from that found in the historic Statute of James, 21 Jac. 1, c. 16. * * * This statute is the foundation of all statutes of limitations in this country containing provisos in favor of persons laboring under disability * * * and it has been generally held under such statutes that the insane person may maintain an action by his guardian at any time during the continuance of his disability."