Dion TALLEY, by Malena TALLEY,
his guardian, Appellant,

v.

**PORTLAND RESIDENCE,
INC., Defendant,**

**Hennepin County, Respondent.**

No. C8–98–461.

Court of Appeals of Minnesota.

Aug. 25, 1998.

Jesse Gant III, Gant Law Office, Minneapolis, for appellant.

Michael O. Freeman, Hennepin County Attorney, Toni A. Beitz, Senior Assistant County Attorney, Minneapolis, for respondent.

Considered and decided by HARTEN, P.J., CRIPPEN and DAVIES, JJ.

## OPINION

DAVIES, Judge.

Appellant, by his conservator, challenges the district court's dismissal of his action as time-barred, arguing that his mental disability tolls the running of the statute. We reverse and remand.

## FACTS

Appellant Dion Talley is mentally retarded. In late 1989 or early 1990, Dion's mother, Malena Talley, requested help from respondent Hennepin County in caring for Dion, then age 18. Dion's case manager, Kevin McLane, recommended Portland Residence (Portland), a private, intermediate-care facility for mentally retarded persons. Dion went to live there in March 1990.

While at Portland, Dion signed three medication consent forms: one on July 25, 1990, and two on October 3, 1990. The consents were witnessed by a Portland staff member. McLane also signed the July 25 form, noting: "County case manager—not guardian." The medications were prescribed by Dion's private physician and administered by Portland personnel. As a consequence of the medications, Dion developed tardive dyskinesia.

On October 18, 1990, the Hennepin County District Court appointed the Commissioner of Human Services as Dion's public conservator. The court gave the conservator authority to consent to necessary medical treatment

and to bring lawsuits on Dion's behalf. Dion remained under public conservatorship until April 1994, when his mother was appointed conservator.

In June 1997, Dion, by his mother, brought suit against the county for injuries he sustained as a result of taking the prescribed medications.[1] He claimed violation of the Vulnerable Adults Act and failure to obtain informed consent, both claims arising out of the medication consents signed by Dion in 1990. The suit also alleged that the county negligently misrepresented services available for Dion and negligently supervised McLane.

The district court dismissed the action, holding that the statute of limitations barred the complaint in its entirety. This appeal followed.

## ISSUE

Did the district court err in dismissing the complaint as barred by the statute of limitations?

## ANALYSIS

■ Actions based on injuries to a person must be brought within six years of the injury. Minn.Stat. § 541.05, subd. 1(5) (1996). The limitations period can be extended, however, if there is a disability:

> [A]ny of the following grounds of disability, existing at the time when a cause of action accrued or arising anytime during the period of limitation, shall suspend the running of the period of limitation until the same is removed; provided that such period, except in the case of infancy, shall not be extended for more than five years, nor in any case for more than one year after the disability ceases:
>
> \* \* \*
>
> (2) the plaintiff's insanity.

Minn.Stat. § 541.15(a) (1996). The disability exceptions "are remedial, and should be liberally construed." *Nebola v. Minnesota Iron Co.*, 102 Minn. 89, 91, 112 N.W. 880, 880 (1907).

The county concedes that Dion's mental retardation constitutes "insanity." *See Harrington v. County of Ramsey*, 279 N.W.2d 791, 795 (Minn.1979) (defining insanity in context of Minn.Stat. § 541.15 as "substantial inability, by reason of mental defect or deficiency, to understand one's legal rights, manage one's affairs, and prosecute the claim"). It is undisputed that Dion was disabled throughout the relevant period.

■ The district court ruled, however, that Dion's disability ended with the October 18, 1990, appointment of the commissioner as public conservator. According to the district court, there was "no tolling of the statute of limitations" because the public conservator ratified the earlier decisions and consents. Under this ruling, the limitations period ended in October 1996, eight months before this action was begun. The court also ruled, in the alternative, that tolling of the statute ended in April 1994, when Dion's mother was appointed conservator or was able, after the discharge of the public conservator, to bring suit on Dion's behalf. The limitations period under this ruling expired a year later, in April 1995.

The district court's conclusion that legal disability ceases on the appointment of a conservator with authority to prosecute a disabled person's legal claim is not consistent with a plain reading of the statute. Minn. Stat. § 541.15 identifies the disability as "insanity," not inability to sue. Further, under the statute the disability suspends the running of the limitations period until the disability is removed (or, if not removed, for five years). Minn.Stat. § 541.15(a). The appointment of a conservator in no way "removed" Dion's mental retardation.

The district court's conclusion is also inconsistent with *Johnson v. U.S.*, 87 F.2d 940 (8th Cir.1937). In *Johnson*, the appellate court, in discussing statutes of limitations with disability provisos, stated:

> [I]t has been generally held under such statutes that the insane person may maintain an action by his [conservator] at any

---

1. Portland Residence also was named as a defendant. In September 1997, the complaint was dismissed against Portland because it had filed for bankruptcy.

time during the continuance of his disability [within the times limited by the statute].

87 F.2d at 942 (citations omitted).

Other jurisdictions have similarly concluded that the appointment of a conservator for a mentally incompetent person does not remove the legal disability so as to start the running of limitations. *See, e.g., Shambegian v. United States,* 14 F.Supp. 93, 94 (D.R.I. 1936) ("The appointment of a [conservator] is not such a removal of disability that it operates to start the statute of limitations running against the insane person."); *Wolf v. United States,* 10 F.Supp. 899, 900 (S.D.N.Y. 1935) (disability covers time of infancy or insanity; it reflects not only incompetent's inability to sue but also protects against difficulties in giving information and testifying).

Further, the district court's conclusion is not consistent with the treatment of infancy. Minors, on reaching majority, can bring suit on claims originating during their infancy despite the fact that a parent or guardian could have brought suit on the child's behalf at any time within the limitations period. *See, e.g., Cook v. Connolly,* 366 N.W.2d 287, 289 (Minn.1985) (legal malpractice action brought by 18–year–old against attorney who represented her 10 years earlier in personal injury action brought on her behalf by her mother).

We hold, therefore, that legal disability, as defined by Minn.Stat. § 541.15(a), does not cease with the appointment of a conservator. Here, Dion's disability did not end with the appointment of either the public or private conservator. His disability, because it was not removed, tolled the running of the statute of limitations for the full five years. The limitations period on his claims, therefore, expires 11 years (6 + 5 years) after the cause of action accrued in 1990.

## DECISION

The district court erred in ruling that Dion's legal disability ended with appointment of a conservator and in dismissing his complaint as time-barred. We reverse the court's decision and remand. We do not,

however, express any opinion on the merits of appellant's claim.

**Reversed and remanded.**