## HOLM v. UNITED STATES.

### No. 603.

### District Court, N. D. Iowa, C. D.

### July 13, 1936.

Harry M. Reed, of Waterloo, Iowa, for plaintiff.

E. G. Dunn, U. S. Atty., of Mason City, Iowa, and F. H. Maughmer, Atty., U. S. Veterans' Bureau, of Chicago, Ill., for defendant.

SCOTT, District Judge.

The above-entitled case came before the court on the 12th day of June, 1936, upon the defendant's demurrer to the plaintiff's petition as amended. The demurrer was orally argued and submitted, the submission to be followed by briefs, all of which have been served and filed. The action is to recover upon a war risk insurance policy alleged to have been matured by reason of permanent total disability on December 14, 1917. The petition alleges in substance that on and at all times after December 14, 1917, on which date plaintiff's ward was discharged from the military service, plaintiff's ward was insane to such an extent that he had such an impairment of mind as to make it impossible for him to follow continuously any substantially gainful occupation, and that said ward during all of said period of time was and is totally and permanently disabled. All jurisdictional facts appear upon the face of the petition as amended, and the demurrer raises the single question that plaintiff's petition shows on its face that plaintiff is not entitled to relief of any kind for the reason that no suit or claim for insurance benefits was filed within six years after the right accrued, or prior to July 3, 1931.

The action was instituted November 22, 1935, and is brought by a guardian appointed February 14, 1933.

The single point to be determined on the demurrer is whether the last proviso in section 445, title 38 U.S.C.A., protects the soldier against the limitation which would otherwise apply. The statute in question

after limiting the right to sue in cases such as this to July 3, 1931, provides: "Infants, insane persons, or persons under other legal disability, or persons rated as incompetent or insane by the Veterans' Administration shall have three years in which to bring suit after the removal of their disabilities." Reduced to its last analysis, I interpret defendant's counsel's argument to be that the expression "insane persons" means and means only persons legally adjudged insane, and does not include insane persons who have not been committed or adjudged. I am unable to agree with this contention of counsel, and find no reason in the legislation for such restriction. The petition as amended in this case fairly interpreted alleges the cause of action to have matured through the occurrence of the identical fact which relieved it from the bar of the statute. In other words, the case is strictly a mental one.

It is, therefore, ordered and adjudged that the defendant's demurrer be and the same is hereby overruled and exception reserved to the defendant to such ruling.