## RAKER v. UNITED STATES.

### No. 1953–A.

District Court, W. D. New York.

May 16, 1938.

Edmund Clynes, of Rochester, N. Y., for plaintiff.

George L. Grobe, U. S. Atty., of Buffalo, N. Y., and Goodman A. Sarachan, Asst. U. S. Atty., of Rochester, N. Y.

KNIGHT, District Judge.

This suit was brought to recover upon a war risk insurance policy. Motion is made to dismiss the petition upon the ground, among others, that the court has no jurisdiction. The claim for insurance benefits was filed July 18, 1931. Unless the statutory time for filing was extended by virtue of certain provisions in Title 38, Sec. 445, U.S.C.A., the last day for such filing was July 3rd, 1931.

Section 445, supra, provides that: "Infants, insane persons, or persons under other legal disability, or persons rated as incompetent or insane by the Veterans' Administration shall have three years within which to bring suit after the removal of their disabilities." There is nothing in the petition or the affidavit submitted upon this motion to show that the plaintiff belongs to any one of the groups described in Section 445. He was not an infant; he was not under a legal disability; he was not a person adjudged to be insane, nor is there anything to show that he was in fact insane. It is not claimed he was rated as incompetent or insane by the Veterans' Administration. The only statements in the papers submitted upon which plaintiff can base any claim that he was insane are the statements in the petition that he contracted a disease known as encephalitis; that he has never recovered from that disease, and that he has been totally disabled since May 1st, 1920. There is nothing to show that such disease causes insanity, or that the plaintiff was insane by reason of such disease. While the petition alleges that plaintiff was totally disabled, it is obvious that that is not a sufficient plea of insanity or even mental disability.

Plaintiff cites Holm v. U. S., D.C., 15 F.Supp. 662; Jensen v. U. S., D.C., 19 F. Supp. 494; Viccioni v. U. S., D.C., 14 F. Supp. 95. None of these cases supports plaintiff's position. In the Holm Case it was held that the words "insane persons", as used in the above section, include not only those who have been judicially declared to be insane, but also those who were declared by the petition to be insane.

In the Jensen Case, supra, the only question decided was that a guardian had no authority to waive any right of his ward.

The Viccioni Case, supra, is more closely comparable with the case at bar. There the petition recited that plaintiff was suffering from many enumerated diseases, and in substance that he was incompetent. It held "on the face of the petition that the plaintiff was under a legal disability".

We disagree with the construction there placed upon the statute, but, assuming its applicability, the facts alleged are decidedly different from those shown here.

Defendant's motion to dismiss the petition must be granted.